WILLIAM ENNIS *vs.* WILLIAM D. WRIGHT.

Suffolk.    November 20, 1913. — February 27, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Agency,* Scope of authority. *Evidence,* Of agency. *Practice, Civil,* Exceptions.

In an action for wrongfully discharging the plaintiff after having agreed in a contract in writing to employ him for a year, where there was admitted in evidence, against the defendant's exception, a conversation between the plaintiff and a third person who, the plaintiff contended, was an agent of the defendant, which took place before the making of the contract in regard to the employment of the plaintiff by the defendant, but where there was no evidence outside the conversation itself tending to show the authority of the third person to make the statements which the plaintiff testified that he made, and these statements, although they had no logical bearing upon the issue on trial, were of such a character that they were likely to be considered by the jury to the defendant's prejudice, the defendant's exceptions were sustained on the ground that the error in the admission of the evidence was not a harmless one but was prejudicial to the defendant.

CONTRACT for the alleged breach by the defendant of a contract in writing dated August 27, 1910, by which the defendant, doing business as the Massachusetts Engraving Company, agreed to employ the plaintiff for one year from the date of the contract. Writ in the Municipal Court of the City of Boston dated October 24, 1911.

On appeal to the Superior Court the case was tried before *Keating,* J. The evidence showed that the plaintiff worked under the terms of the contract until February 3, 1911, when he was discharged by the defendant, and it was a material issue in the case whether, as the plaintiff contended, he was discharged

because he was a union man or whether, as the defendant contended, he was discharged for misconduct.

The plaintiff testified that he lived in Rochester, New York, up to August 23, 1910; that he had a letter from the defendant in regard to coming to Boston and entering the employ of the defendant in July, 1910; and that after the receipt of this letter one Hickman called upon him. He was asked, "Well, what did Mr. Hickman say?" The question was objected to, and, for the purpose of showing the authority of Hickman, a letter written by the defendant to the plaintiff on August 10, 1910, was introduced in evidence. The letter referred to Hickman as follows: "I understood from Mr. Hickman that the probabilities were you would come at once." After the introduction of this letter in evidence the question was repeated, "Now what did Mr. Hickman tell you when you saw him?" The question was objected to on the ground that the statement in the letter was not sufficient to qualify Hickman as an agent to make declarations which would bind the defendant as principal. The judge admitted the evidence and the defendant excepted.

The conversation, as testified to, was in part to the effect that the plaintiff stated that he was informed that there were labor troubles in Boston, and that Hickman represented to him that there was no trouble in the defendant's shop. This was all the evidence bearing upon the question of Hickman's agency at the time the evidence was introduced. Later, in the cross-examination of the defendant, it appeared that Hickman was connected with another company, that he was a friend of the defendant, that he had no authority to hire the plaintiff, that he was sent to locate him and that he was directed to call on the plaintiff and to let the defendant know whether he was coming or not. The evidence showed that, after the interview between the plaintiff and Hickman, the plaintiff and the defendant carried on their negotiations by correspondence and that the plaintiff came to Boston and entered into the contract with the defendant directly.

The jury returned a verdict for the plaintiff in the sum of $394; and the defendant alleged exceptions to the admission in evidence of the plaintiff's conversation with Hickman.

*A. T. Johnson,* for the defendant.

*H. H. Winslow,* (*H. J. Winslow* with him,) for the plaintiff.

HAMMOND, J. The plaintiff was discharged before the end of the year, and the only question finally left to the jury was whether the defendant was justified in so discharging him, the plaintiff contending that the cause of his discharge was that he was a "union man," and the defendant contending that the cause was the misconduct of the plaintiff. There was evidence in support of each contention.

The only question before us is whether the conversation between the plaintiff and one Hickman was properly admitted. Clearly it was not admissible to prove the terms of the contract, because the contract subsequently was reduced to writing. But the burden of showing the scope of Hickman's authority was upon the plaintiff; and the chief objection is that there was no evidence outside the conversation itself tending to show the authority of Hickman to make any representation about the existence of labor troubles, or to guarantee that there were no labor troubles in the defendant's shop, or to "guarantee the rest of the conditions." Of course the scope of the authority cannot be proved by the statement of the agent alone. The admission of the evidence therefore was error.

It is urged by the plaintiff however that the error, if any, was not prejudicial to the defendant. But it is to be presumed that the jury thought they had a right to take it into consideration, and it is obvious that it might lead them into a train of thought not logical to the issue and yet harmful to the defendant.

*Exceptions sustained.*