CHARLES H. DAMON *vs.* JOHN T. KALER & others.

Essex. November 7, 1917. — January 7, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Agency*, Existence of relation, Scope of authority. *Evidence*, Relevancy and materiality.

In an action of tort against a firm of insurance brokers for damages resulting from negligence of another broker, alleged to have been the defendant's agent, in failing to procure an assent of an insurance company to a change of location of furniture insured by the company through the agency of the defendants, there was evidence tending to show that the alleged negligent agent had been employed in the defendant's office for three years; that he held a license, procured by them, to act as broker for an insurance company other than the one that insured the furniture in question; that he procured applications for insurance by that company, upon which policies were countersigned by the defendants and were issued if the defendants in their discretion thought best, the agent being paid a commission therefor; that he also procured from that company for persons insured by it assents to changes of location of property; that the agent procured

from the plaintiff an application for a policy in his company; that, when he submitted it to the defendants, they crossed out the name of his company and substituted the name of another company, issued the policy, and paid a commission to the agent; that subsequently, upon the plaintiff changing his location, the agent took the policy from the plaintiff and procured an assent of the company to the change; that later, when the plaintiff again changed his location, the agent took the policy to procure the assent as before, but negligently failed to do so. *Held,* that on the evidence findings were warranted that, in taking the plaintiff's policy and undertaking to procure the company's assent, the agent was acting as an agent for the defendants and within the scope of his authority.

Upon the issues above described, it was relevant and material to show that the agent had been allowed a commission by the defendants when the policy in question was issued to the plaintiff; that, on the occasion of the previous removal by the plaintiff, he had given the policy to the agent who had given it to the defendants and that they had indorsed upon it their assent to the removal and had returned it to the agent, who had returned it to the plaintiff, as well as evidence of the relations between the agent and the defendants as to the insurance company for whom he held a broker's license procured by them.

Tort for damage resulting from a negligent failure of an alleged agent of the defendants to procure and attach to a policy of insurance covering furniture of the plaintiff a consent of the insurance company to a removal of the furniture to a new location. Writ dated July 14, 1915.

In the Superior Court the case was tried before *Hamilton,* J. The material facts and evidence are described in the opinion. At the close of the evidence the defendant moved that a verdict be ordered for the defendants, and also asked for the following rulings among others:

"1. Upon all the evidence the plaintiff cannot recover.

"2. Upon all the evidence it cannot properly be found that the defendants are legally responsible to the plaintiff for any neglect of which Mr. Hallett may have been guilty in connection with the not obtaining the assent of the Buffalo German Insurance Company to the transfer of the plaintiff s property to the location where the fire occurred.

"3. There is no evidence of negligence on the part of the defendants.

"4. There is no evidence of any neglect on the part of the defendants of any duty which they owed to the plaintiff."

"6. The fact, if it be a fact, that Mr. Hallett was paid or allowed a commission by the defendants when the policy was issued is immaterial to any issue involved in this case."

"8. The fact that on the occasion of the plaintiff's removal from Lynn to Nahant he gave the policy in question to Mr. Hallett and Mr. Hallett procured the assent of the defendants to such removal and they made the necessary indorsement on the policy and gave the policy back to Mr. Hallett, is immaterial to any issue involved in this case."

"15. When the plaintiff gave the policy in question to Mr. Hallett for the purpose of obtaining the assent of the Buffalo German Insurance Company to the removal of his property to the building where the fire occurred, Mr. Hallett thereupon became, for that purpose, the agent of the plaintiff."

"17. The fact that the defendants, as agents for the Westchester Fire Insurance Company, had frequent dealings with Mr. Hallett, who was also an agent of that company, with relation to policies of that company is immaterial to any issue involved in this case.

"18. Whatever duties Mr. Hallett was under to the plaintiff sprang from his promise to obtain the assent of the company to the transfer and not from any relationship which existed between himself and the defendant."

The motion was denied and the rulings were refused. The jury found for the plaintiff in the sum of $329.80. The defendants alleged exceptions.

*W. L. Came*, for the defendants.

*G. Newhall*, for the plaintiff.

PIERCE, J. The defendants are general insurance brokers and are agents of certain foreign and domestic insurance companies with offices in Boston. On May 8, 1914, the plaintiff became a holder of a policy of the Buffalo German Insurance Company, a company represented by the defendants, for a term of three years, on household furniture in Lynn. Subsequently, on the removal of the plaintiff to Nahant, the policy ceased to be in force in the former location and thereafter covered the property described therein at the new location with "the assent in writing or in print of the company" as shown by a "rider" which was attached to the original policy and countersigned by the defendants as agents of the insurance company. On a Saturday in January, 1915, the plaintiff changed his residence again. Before moving he had told one Hallett that he was going to move, and Hallett had told him

"that he had better bring in the policy and have it transferred." Hallett had taken the policy to the defendants at their office in Boston, and had returned it to the plaintiff after the rider was put on at the time the policy was "transferred to Nahant." On the following Monday the plaintiff brought the policy and handed it to Hallett upon Hallett's statement that he would fix the business up the same as he did when he, the plaintiff, moved from Lynn. Hallett put the policy in his pocket, went to Boston the next day but "forgot to have the transfer made." On the following Wednesday, the furniture was destroyed by fire and the defendants had not been notified of the removal.

No question arises as to the negligence of Hallett. The question at issue is, was the evidence sufficient to warrant the finding of the jury that Hallett undertook, as the agent of the defendants and within the scope of his authority, to have the policy of the plaintiff delivered to the defendants to be changed so as to bear the assent of the company to a removal of the insured property to a different location.

Upon this issue there was evidence that Hallett "went to work for" the defendants three years before the occurrence with the plaintiff; that his work was writing applications for fire insurance; that he held a license, procured and paid for by the defendants, to write insurance in the Westchester Fire Insurance Company; that he didn't sign policies in that company; that the defendants did sign them on his applications, if they thought the risk was up to the standard; that the defendants charged him with the premiums and credited him with the commissions upon all policies issued on his applications; that the defendants delivered the policies to him and he delivered them to the assured; that when an assured was going to move he would send his policy into the office by Hallett to have a rider attached; that the company if it wished to assume the new risk would attach the rider and the policy would be mailed back to Hallett who would deliver it to the assured; that sometimes there would be a decrease in premium, if the risk was better than the one on which the original policy was written, and sometimes there would be an increase; and that this happened quite frequently.

Specifically as regards the policy of the plaintiff, there was evidence that Hallett "got the plaintiff's policy in the same way

that he got the others;" that he took in the application as usual and later a policy was issued; that he applied for a policy in the Westchester; that the defendants struck out from the application the words and figures "Westchester $500" and issued on the same application a policy in the same amount in the Buffalo German Insurance Company; that the policy was delivered to Hallett; that Hallett was charged with the premium and credited with the commission, and that the policy thereafter was delivered to the plaintiff who paid the premium to Hallett.

On the above facts and the inferences to be drawn therefrom, we think the jury would be warranted in finding that Hallett was the agent of the defendants and that he acted within the scope of his authority in undertaking to deliver the policy of the plaintiff to the defendants.

It follows that the motion to direct a verdict on all the evidence was denied rightly, as were the requests numbered two, three, four, fifteen and eighteen, each of which rests upon the assumption that Hallett was the agent of the plaintiff and was not the agent of the defendants.

The facts assumed in requests numbered six, eight and seventeen were properly received as relevant to the proof of the business relation of the parties to be inferred from other transactions in their nature closely related to the facts in issue.

*Exceptions overruled.*