PHILIP E. A. SHERIDAN *vs.* MASSACHUSETTS FIRE AND MARINE INSURANCE COMPANY.

Suffolk.    June 23, 1919. — September 10, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Agency,* Existence of relation.  *Insurance,* Agent, Broker.

An insurance broker, who solicits applications for insurance and delivers them to an agent of an insurance company, which issues policies upon them, is not on these facts an agent of the insurance company.

If an insurance company sends to an insurance broker a notice addressed to a policy.holder, for whom the broker had obtained the policy, asking the insured to notify the company in case he wishes to renew his policy, this gives no authority to the broker to bind the insurance company by an oral contract of insurance or by an agreement to issue a policy.

CONTRACT against an insurance corporation, incorporated under the laws of this Commonwealth, on an oral contract, alleged to have been made by one Crowley as the agent of the defendant, insuring a motor car of the plaintiff against fire or theft until a policy for such insurance could be issued, the plaintiff's car having been stolen while such alleged oral contract was in force. Writ dated October 22, 1917.

The answer, besides a general denial, denied specifically that Crowley was an agent of the defendant or was in any way authorized to make temporary oral insurance pending the issuing of policies in writing by the defendant.

In the Superior Court the case was tried before *White,* J. The evidence is described in the opinion. At the close of the evidence the defendant filed a motion that a verdict be ordered for the defendant. The judge allowed the motion and ordered a verdict for the defendant. By agreement of the parties he reported the case for determination by this court with the stipulation that, if the order that the jury return a verdict for the defendant was correct, judgment was to be entered on the verdict, but, if there was any evidence upon which the case should have been submitted to the jury, judgment was to be entered for the plaintiff in the sum of $500 with interest from the date of the writ.

The case was submitted on briefs.

*W. F. Frederick & W. H. Taylor,* for the plaintiff.

*E. E. Blodgett & F. W. Eaton,* for the defendant.

CROSBY, J. In the month of February, 1916, one Crowley, an insurance broker, called upon the plaintiff and solicited from him the placing of a policy insuring the plaintiff's automobile from loss by fire or theft. The plaintiff signed an application therefor which was delivered by Crowley to John C. Paige and Company, the defendant's general agent; and the latter on February 10, 1916, issued to the plaintiff a policy by the terms of which the automobile was insured against loss by fire and theft in the sum of $800 for one year from February 4, 1916.

In the month of January, 1917, the agent sent to Crowley a notice addressed to the plaintiff informing him that the policy would expire on February 4, 1917, and requesting him, if he desired a renewal, to make an indorsement to that effect upon the notice and return it to the company or to call at its office. This notice was delivered by Crowley to the plaintiff, who inquired what it would cost to renew the policy; Crowley stated that he did not know but "would look it up," and a few days later he informed the plaintiff that the company would reinsure the automobile in the sum of $500 and that the premium would be about $21. The plaintiff testified that at this interview he said to Crowley, "All right, John, send me the policy and I am insured;" to which Crowley replied, "Yes. In the meantime we will hold you covered." He also testified that on February 10 and again on February 14, 1917, Crowley told him in substance that the automobile was insured. On February 26, 1917, the plaintiff signed the application above referred to for the renewal of the policy and mailed it to Crowley. The automobile was stolen on the evening of the same day and has not been recovered.

The plaintiff seeks to recover upon an oral contract of insurance. That such contracts are legal and binding has often been held by this court. *Sanford* v. *Orient Ins. Co.* 174 Mass. 416. *McQuaid* v. *Aetna Ins. Co.* 226 Mass. 281.

The right of the plaintiff to recover depends upon the question whether there was any evidence to show that Crowley was an agent of the defendant authorized to make the contract on which the plaintiff relies. The undisputed evidence shows that he was

an insurance broker, and as such solicited the plaintiff's applica-tion and obtained from the defendant's agent the policy which was issued. This did not constitute him the agent of the defendant. The sending of the notice by the defendant's agent to Crowley was not evidence from which it could be found that the defend-ant had clothed Crowley with authority to bind the defendant by an oral contract of insurance or by an agreement to issue a policy. The statements made by Crowley to the plaintiff, above referred to, were not admissible to establish the agency of Crowley and could not be binding upon the defendant. *Deane* v. *American Glue Co.* 200 Mass. 459. *Ennis* v. *Wright,* 217 Mass. 40. The evidence would not warrant a finding that Crowley had any express or implied authority whatever to act for the defendant. As an insurance broker he could solicit insurance and forward applications to the defendant, but he was not in any sense its agent. If he were the agent of any one, he would seem to have been the agent of the plaintiff, from whom he obtained the original application which he afterwards delivered to the defendant's agent. *Commonwealth Mutual Fire Ins. Co.* v. *Fairbank Canning Co.* 173 Mass. 161. *Green* v. *Star Fire Ins. Co.* 190 Mass. 586.

The presiding judge rightly directed the jury to return a ver-dict for the defendant, and in accordance with the terms of the report the entry must be

*Judgment for the defendant on the verdict.*