RICHARDSON, Appellant, v. FARMERS CO-OPERATIVE
UNION, Respondent.

(187 N. W. 632.)

(File No. 4990.   Opinion filed March 31, 1922.)

1.  **Master and Servant—Personal Injuries—Workmen's Compensa-
    tion Law—Employer's Notice of Exemption, Effect Re Ac-
    ceptance of Act—Whether Notice Is Sole Method of Exemp-
    tion—Whether Act, Or Common Law, Basis of Action At
    Law—Statute Construed.**

    Sec. 9437, Code 1919, (Workmen's Compensation Law) does
    not mean that every employer is presumed to have accepted
    the act unless he has given the notice of exemption therefrom
    provided for in Sec. 9438, since the former section provides
    that such acceptance is presumed "except as stated in this
    article."   Nor is there in Sec. 9438, or elsewhere in the act,
    an express statement that giving of such notice is the only
    method of exemption from operation of the act; and while Sec.
    9440 purports to make the rights and remedies given an em-
    ploye by the act exclusive of all other rights, etc., those con-
    ferred by the act include right to speedy determination out of
    court (unless appeal is taken) before arbitration board, of fact
    and amount of employer's liability (Secs. 9468-9475,) and pro-
    vision for compulsory payment covered by insurance that
    award will be paid (Secs. 9439, 9482-3, 9488.)   But the right
    to maintain an action at law against a non-accepting employer

is not given by the act, that right is given by the Constitution and laws of this state. **Held,** further, that Sec. 9440, seemingly making the rights and remedies of an employe who is subject to that article, exclusive of all other rights and remedies, must be construed with Sec. 9444, prohibiting an employer electing to operate under that article from defending on grounds of contributory negligence, or that of fellow-servant, or of assumption of risk; and as so construed, Sec. 9440 applies only to rights and remedies against an employer operating under the act; since Sec. 9444 expressly recognizes right of an employe accepting the act, to sue at common law an employer not accepting it.

**2.   Workmen's Compensation—Employer's Liability, Limited Only Through Insurance—Statute.**

The meaning and effect of Sec. 9439, Code 1919, providing that employers coming within Workmen's Compensation Law shall insure payment of compensation to employes as thereinafter provided, and that while the insurance remains in force they shall be liable to employees for personal injuries only to extent and in manner thereinafter provided,—is to restrict amount of such liability to amounts specified in compensation schedules of the act only when employer has insurance. Under no provision of the act can Industrial Commissioner allow an employe more than schedule; only by action at law can more be recovered; hence, if employer fails to insure his liability, he is subject to an action at law.

**3.   Same—Employer's Insurance of Liability—Non-issuance, Non-restriction of Liability To Schedule—Statute—Complaint Good Re Action At Law.**

Under Sec. 9482, Code 1919, (being Sec. 46, of original act—Laws 1917, Ch. 376,) providing that employers subject to provisions of the act shall insure their liability thereunder, etc., and produce evidence of compliance with that section on demand of insurance commissioner, and that employers refusing compliance therewith shall be liable under Secs. 9436 to 9454 (being Part One of original act, labeled "Rights and Remedies,") the legislative intent was not to make Secs. 9455-9463 (being Part Two of the original act, labeled "Compensation Schedule") the measure of employer's liability when neglecting to carry insurance; nor to make applicable Secs. 9464-9481 (Part Three of original act, labeled "Administration;") hence it can only be inferred the Legislature intended the liability of non-insuring employer should be measured by those sections 9436 to 9454, inclusive, which are appropriate to the situation, and not by either said Compensation Schedule or the "Administration" portion of the act; and also that the offending em-

ployer should be subject to an action at law; and held, that Secs. 9439 and 9444 are applicable, and that Sec. 9440 does not apply; hence plaintiff, who was operating under said act at time of his injury, may maintain an action at law against defendant under Sec. 9444, in which action defendant may not defend on ground of contributory negligence, negligence of fellow servant, nor assumption of risk; and that the complaint though not alleging that plaintiff carried such insurance, nor that he was relieved therefrom under Sec. 9488, states a cause of action for damages for personal injury.

Appeal from Circuit Court, Brule County.  Hon. FRANK B. SMITH, Judge.

Action by Clark Richardson, against the Farmers Co-Operative Union, a corporation, to recover damages resulting from alleged personal injuries to plaintiff while an employe of defendant in its grain elevator.  From a judgment dismissing the action, plaintiff appeals.  Reversed.

*Spangler & Wire,* for Appellant.

*Brown & Brown,* and *J. E. House,* for Respondent.

(1)  Under point one of the opinion, Appellant submitted that:  Giving of notice of acceptance or rejection as provided by Sec. 9438, Code 1919, is not exclusive; failure to comply therewith is equivalent to notice of rejection, i. e., parties may by omission or acts as effectually reject those provisions as by giving notice.          ,

Respondent submitted that:  Complaint must show either that employer or employe or both were not governed by the provisions of the act, else no cause of action is stated; and cited:  Bishop v. Chicago Ry's. Co., (Ill.) 124 N. E. 837.  That Secs. 9437 and 9438 provide the only way in which an employer shall accept terms of the act or exempt himself therefrom; and cited:  Harris v. Hobart Iron Co., (Minn.) 149 N. W. 662.

(3)  To point three, Appellant cited:  Elks v. Conn (Ia.) 172 N. W. 173; Hines v. Meier, 237 Fed. 168.

GATES, P. J.  Action for damages for personal injuries sustained by plaintiff, an employe of defendant, in defendant's grain elevator.  On the trial the court sustained defendant's objection to the introduction of any evidence- upon the ground that the complaint did not state a cause of action, and directed the jury to return a verdict for defendant.  From a judgment dismissing the action plaintiff appeals.

Brushing aside the technicalities of rules of pleading, the question before us is this: Does the failure of an employer to carry the insurance required by sections 9439 and 9482, Rev. Code 1919, who has not been relieved therefrom under section 9488, amount to an election on the part of the employer not to operate under the Workmen's Compensation Law? For brevity we will hereafter refer to the Compensation Law as the "act."

In the first instance we may observe that the apparently conflicting provisions of the act render the solution of the problem difficult. Respondent contends that all employers subject to the act are presumed to have accepted the provisions of the act; that the only method open to an employer who is subject to the act to exempt himself from it is by giving the notice mentioned in section 9438; that section 9440 provides that the rights and remedies given to the employe are exclusive; that by the provisions of section 9482 the liability of an employer who does not carry insurance is the liability arising under sections 9436 to 9454, inclusive, of which section 9440 is, of course, a part. But respondent is candid enough to admit that the result of his reasoning imposes upon the employer who has not furnished insurance the same liability as if he had insurance. If this theory is right a premium is placed upon neglect to carry insurance because the employer would have all of the benefits of the act without incurring the expense of insurance.

Appellant contends that the failure to carry insurance by the employer is an election not to operate under the act, and that in such case the employer is subject to an action at law in which the amount of his recovery is not limited by the act, and in which if the employe is under the act, the employer may not defend upon the ground of contributory negligence, negligence of a fellow servant, nor assumption of risk.

[1] In the first place section 9437 does not state that every employer is presumed to have accepted the act unless he has given notice. It says that he is presumed to have accepted the 'act "except as stated in this article." In the next place we fail to find in section 9438, or in any other portion of the act, an express statement that the giving of notice is the only method of exemption from the operation of the act. It is true that section 9440 purports to make the rights and remedies given an employe by

the act exclusive of all other rights and remedies. The rights and remedies given to the employe by the act include the right to a speedy determination out of court (unless appeal is taken) before a board of arbitration of the fact and amount of the employer's liability and a provision for compulsory payment covered by insurance that the award will be paid. In exchange for these rights and remedies the amount of the employe's recovery is limited by a compensation schedule. It cannot be said that the right to maintain an action at law against a nonaccepting employer is given by the act. That right is given by the Constitution and laws of this state. Section 9440 must be construed with section 9444, and as so construed section 9440 must be held to apply only to the rights and remedies against an employer who is operating under the act because section 9444 expressly recognizes the right of an employe who has accepted the act to maintain an action at law against an employer who has not accepted it.

[2]   Section 9439 reads as follows (italics are ours) :

"*Every employer* coming within the compensation provisions of this article *shall insure* the payment of compensation to his employes in the manner herinafter provided, *and while such insurance remains in force he,* or those conducting his business, *shall only be liable* to any employe for personal injury or death by accident *to the extent and in the manner hereinafter specified.*"

The clear intent of this section is to restrict the amount of the employer's liability to the amounts specified in the ocmpensation schedules of the act *only* when the employer has insurance. There is no provision in the act by which the Industrial Commissioner can allow an employe a sum greater than the schedule. It is only by an action at law that a sum greater than the schedule can be obtained. Therefore it would seem evident that if the employer fails to insure his liability to his employe he is subject to an action at law. But respondent chiefly relies upon section 9482, which is as follows:

"Every employer subject to the privisions of this article shall insure his liability thereunder in some corporation, association or organization approved by the Commissioner of Insurance of this state and, upon demand of the Commissioner of Insurance or the Industrial Commissioner, produce evidence of his compliance with this section. Any employer who refuses or neglects to comply

with this section shall be liable, under sections 9436 to 9454, inclusive, in case of injury to any workman in his employ."

[3]    The original act was chapter 376, Laws 1917. It was divided into five parts:   Part 1 included present sections 9436-9454, inclusive, and was labeled "Rights and Remedies;" part 2, "Compensation Schedule," present sections 9455-9463; part 3, "Administration," present sections 9464-9481; part 4, "Insurance," present sections 9482-9489; and part 5, "Definitions and Miscellaneous Provisions," present sections 9490-9491. The original section 9482 was section 46, the concluding portion of which was: "He shall be liable in case of injury to any workman in his employ under part one of this act." As will be observed, the Code Commission substituted "sections 9436 to 9454 inclusive" for "part one of this act." Under either reading it cannot be successfully claimed that the Legislature intended part 2, "Compensation Schedule" (sections 9455-9463), to be the measure of the employer's liability where he has neglected to carry insurance, or that part 3, "Administration," should apply, otherwise the language "part one" in the original act and the language, "sections 9436-9454, inclusive," in the Revised Code, would not have been placed in the above section. "Expressio unius est exclusio alterius." We can therefore only infer that the Legislature intended that the liability of the noninsuring employer should be measured by those sections included within the numbers 9436 to 9454, inclusive, which should be appropriate to the situation, and that it did not intend that either the Compensation Schedules or the "Administration" portion of the act should apply. As before suggested, inasmuch as the only method open to an employe to secure compensation greater than the schedule is by an action at law, it must have been the legislative intent that the offending employer was to be subject to an action at law.

It is not necessary now to decide what other of sections 9436-9454 are applicable in such case. Perhaps it was the legislative intent that sections 9448, 9449, and 9450 should apply. We are satisfied that sections 9439 and 9444 do apply, and that section 9440 does not. We are therefore of the opinion that this plaintiff who was operating under the act at the time of his injury has the right to maintain an action at law against this defendant under the provisions of section 9444, Rev. Code 1919, in which

action the defendant may not defend upon the ground of contributory negligence, negligence of a fellow servant, nor assumption of risk.   The Supreme Court of Iowa, in Elks v. Conn (Iowa) 172 N. W. 173, has arrived at the same conclusion under the Iowa act, which is in many respects similar to ours.   See, also, Attorney General's Opinions, South Dakota, 1920, p. 644.

We think our conclusion is in harmony with the purposes of the act as a whole, especially in conformity with sections 9439 and 9482, which require the employer to carry insurance.   It is unthinkable that the Legislature intended to put a premium upon neglect to provide insurance.

The judgment appealed from is reversed.