BOWER, Respondent, v. NUNEMAKER, Appellant.

(195 N. W. 506.)

(File No. 5144.   Opinion filed October 26, 1923.)

1.   Master and Servant—Workmen's Compensation—Requirements of Compensation Act for Claim and Settlement Not Applicable to An Action at Law.

An action at law, by an employee, for damages for personal injuries, not being a proceeding under the Compensation Act, failure to file claim for compensation with the Industrial Commissioner under Rev. Code 1919, Sec. 9547. is not a defense, and failure of employer to file a memorandum of settlement with the Industrial Commissioner under Section 9467 does not prevent reliance on such settlement.

2.    **Master and Servant—Damages—Action at Law Lies Against Em-
        ployer Carrying No Compensation Insurance.**
        An action at law lies in favor of an employee for damages
for personal injuries, where the employer carried no compen-
sation insurance, as required by Rev. Code 1919, Secs. 9439,
9482, and did not relieve himself from these provisions by
section 9488, and under Rev. Code 1919, Sec. 9444, the de-
fenses of contributory negligence, negligence of fellow servant,
and assumption of risk. are not available to him.

3.    **Appeal and Error—Release—Whether Plaintiff Realized He Was
        Signing a Release Was Question for Jury.**
        Whether plaintiff realized he was signing a release at the
time of settlement held a question for the jury under the evi-
dence, and their finding is conclusive.

Appeal from Circuit Court, Gregory County; Hon. J. G.
Bartine, Judge.

Action by F. C. Bower against Frank Nunemaker. Judgment
for plaintiff, and defendant appeals. Affirmed.

*Charles A. Davis,* of Burke, for Appellant.

*O. E. Ford,* of Gregory, and *J. R. Cash,* of Bonesteel, for
Respondent.

Appellant cited: L. R. A. 1916A, 221; Krisman v. Johnson
City & B. M. Coat Co., 190 Ill. App. 613; Dietz v. Big Muddy
Coal Co., 263 Ill. 480, 105 N. E. 289; Harris v. Hobart Iron Co.,
127 Minn. 399, 149 N. W. 662; Gregutis v. Waclark Wire Works,
86 N. J. L. 610, 92 Atl. 354; Gorrell v. Battelle, 93 Kans. 370,
144 Pac. 244; Shade v. Ask Grove Lime & Portland Cement Co.,
92 Kans. 146, 139 Pac. 1193.

POLLEY, J. This is an action for the recovery of damages
for personal injury, Plaintiff had judgment, and defendant ap-
peals.

[1] Appellant interposed two defenses. First, settlement and
payment in full of such damages and release from respondent
therefor; and, second, failure on the part of respondent to file
his claim for compensation with the Industrial Commissioner
within one year after the injury as required by section 9457, R.
C. 1919.

Respondent seeks to avoid the effect of the settlement and
release, on the ground of the failure of appellant to file a memo-
randum of such settlement with the Industrial Commissioner with-
in 20 days after such settlement, as required by section 9467, R.
C. 1919.

This is not a proceeding under the Workmen's Compensation Law; consequently neither section 9457 nor section 9467, R. C. 1919, apply.

[2] It is conceded that plaintiff had not excepted himself from the operation of the Workmen's Compensation Law, therefore, he is presumed to have accepted its provisions. Section 9437, R. C. 1919. If the defendant had been operating under such act, then by reason of section 9440, R. C. 1919, this action could not be maintained because in that case the remedy under the Compensation Act is exclusive. Section 9440, R. C. 1919. But defendant did not carry workmen's compensation insurance as required by sections 9439 and 9482, R. C. 1919, nor had he relieved himself from the provisions of these sections in the manner provided by section 9488. He, therefore, was not operating under said act. Richardson v. Farmers' Co-operative Union, 45 S. D. 357, 187 N. W. 632. Therefore this action at law lay in favor of plaintiff and against defendant, and the defenses enumerated in section 9444, R. C. 1919, were not available to defendant.

[3] In regard to the settlement and release, respondent testified that at the time the settlement was made he was suffering great pain; that he had had no sleep for several days; that he did not read the release, nor was it read to him before he signed it; that he was not told nor did he know its contents nor that it contained a release; that he understood he was signing an agreement of some kind by which he could get money that would enable him to procure treatment of his injury; and that upon receiving said money he went immediately to a hospital in Chamberlain, where his injured limb was amputated. This matter was submitted to the jury as a question of fact under proper instructions, and the finding of the jury is conclusive.

The judgment appealed from is affirmed.

Note.—Reported in 195 N. W. 506. See, Headnote (1), American Key-Numbered Digest, Master and servant, Key-Nos. 382, 398; Workmen's Compensation Acts, Sec. 103 (1924 Anno.); (2) Master and servant, Key-No. 358; Workmen's Compensation Acts, Sec. 106 (1924 Anno.); (3-4) Workmen's Compensation Acts, Sec. 154, 158, 159, 160; Appeal and error, Key-No. 1001(1), 4 C. J. Sec. 2834; (5) Release, Key-No. 68(5), 34 Cyc. 1105.

On construction and effect of Workmen's Compensation Acts generally, see notes in L. R. A. 1916A 23, and L. R. A. 1917D, 89.