COLLINS, Appellant, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

(207 N. W. 460.)

(File No. 5307.   Opinion filed February 16, 1926.)

**Master and Servant—Workmen's Compensation Law—Compensation Act Rejected by Employer Not Providing Insurance.**

Failure of employer to provide insurance, under Rev. Code 1919, Sec. 9482, amounts to an election not to operate under the Workmen's Compensation Act, notwithstanding Sec. 9437 and failure to give notice provided by Sec. 9438, and injured employee's sole remedy is an action at law, failing in which he cannot proceed under Workmen's Compensation Act.

Appeal from Circuit Court, Dewey County; Hon. W. F. Eddy, Judge.

Proceeding under the Workmen's Compensation Act by James Collins for injuries, opposed by the Chicago, Milwaukee & St. Paul Railway Company, employer. Order of the Industrial Commissioner granting an award was reversed by the circuit court, and claimant appeals. Affirmed.

*W. M. Potts,* of Mobridge, for Appellant.

*E. L. Grantham* and *H. O. Hepperle,* both of Aberdeen, for Respondent.

BURCH, C. On the 17th of October, 1917, plaintiff, James Collins, was an employee of the defendant, Chicago, Milwaukee & St. Paul Railroad, as a section employee in Dewey county. On that day he was called by the section foreman with others to stop a prairie fire. In doing so, and while off of the premises of the railroad company, and while riding rapidly over rough ground in a wagon not owned by the company nor being driven by any of its employees, he fell from the wagon, injuring one of his limbs. On the 24th of January, 1918, he commenced an action in the circuit court of Dewey county against the defendant to recover $2,500 damages on account of said injuries. Defendant answered, and a trial was had on the 4th of June, 1918, resulting in a decision in favor of the defendant. Subsequent to the trial of this action, but within one year of the accident, plaintiff filed an application for compensation under the Workmen's Compensation Act with the Industrial Commissioner, and the said Commissioner allowed him

under said application the sum of $224.60, with interest at 7 per cent from April 17, 1918.

From this award of the Commissioner an appeal was taken to the circuit court of Dewey county, where the action of the Commissioner was reversed. It is admitted by the defendant that if the Commissioner had jurisdiction claimant is entitled to the full amount. The sole question to be determined is, was plaintiff, after having proceeded in an action at law in the circuit court of Dewey county, precluded from proceeding before the Industrial Commissioner under the Workmen's Compensation Act?

At the time the action in the circuit court was commenced, the Workmen's Compensation Law (chapter 376, S. L. 1917), was in force, having become the law of this state on the 1st day of July, 1917. Section 2, p. 1 (section 9437, R. C. 1919) of said act provides:

"From and after the taking effect of this act, every employer and every employee, except as herein stated, shall be presumed to have accepted the provisions of this act respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of employment, and shall be bound thereby."

Section 46, p. 4 (section 9482, R. C. 1919), of the act provides:

"Every employer, subject to the provisions of this act, shall insure his liability thereunder in some corporation ,association or organization approved by the state department of insurance. * * * And if such employer refuses or neglects to comply with this section, he shall be liable in case of injury to any workman in his employ under part one (1) of this act."

It is conceded that both the plaintiff and defendant were within the provisions of the said act, neither having exempted as therein required; and it is also conceded that the defendant had not provided the insurance required by the above section 46.

It is obvious that, had the defendant furnished the insurance, then there could have been no action before the court, as the Workmen's Compensation Law deprives such employee of his common-law action in tort and substitutes therefor a contractual right to recover. To recover under the Workmen's Compensation

Act, plaintiff must first proceed before the Industrial Commissioner and not in the circuit court. But, inasmuch as the defendant had not furnished the insurance, it is contended by respondent that the action at law could be maintained, that plaintiff was not deprived of his right at common law to sue in tort until his employer had complied with this provision as to insurance, and that the defendant by prosecuting said action to completion, elected his remedy and cannot now maintain his action before the Industrial Commissioner under the Workmen's Compensation Act.

In the case of Richardson v. Co-operative Union, 45 S. D. 357, 187 N. W. 632, we decided that the effect of a failure on the part of the employer to provide insurance under section 9482 of said act amounted to an election on the part of the employer not to operate under the Workmen's Compensation Law, notwithstanding it had not given the notice provided by section 9438, R. C. 1919.

The holding in that case is determinative of this action. Under the facts in this case plaintiff had but one, remedy, namely, an action at law. Having failed in that, his rights are determined. The doctrine of election of remedies has no application, since he had but one remedy. At no time could he proceed before the Commissioner under parts 2 and 3 of the Workmen's Compensation Act. The Commissioner had no jurisdiction.

The judgment and order of the circuit court are affirmed.

Note.—Reported in 207 N. W. 460. See, Headnote, American Key-Numbered Digest, Master and servant, Key-No. 358, Workmen's Compensation Acts, C. J. Secs. 45, 156 (Anno.)

On exclusiveness of remedy furnished by Workmen's Compensation Acts, see note in L. R. A. 1916 A, 223, L. R. A. 1917, D 93.

For Uniform Workmen's Compensation Act, see 9 U. L. A., 301.