THE CENTURY INDEMNITY COMPANY vs. RALPH H. JAMESON
& another.

Suffolk. December 7, 1955. — February 2, 1956.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*Insurance,* Nondisclosure by insured, Workmen's compensation insurance, Agent. *Agency,* Insurance agent.

An insurance agency, in obtaining a policy of workmen's compensation insurance at the request of the insured, was the agent of the insured and not of the insurer. [504]

A policy of workmen's compensation insurance issued to a building contractor was invalid by reason of the contractor's nondisclosure of material facts where it appeared that an agent of the contractor applied to the insurer for the policy and it was issued after an employee of the contractor had been injured while at work and the contractor had learned of the injury; it was immaterial that the policy stated that its term should commence as of a time prior to the injury. [505]

BILL IN EQUITY, filed in the Superior Court on March 19, 1954.

The suit was heard by *Lurie,* J.

*Robert W. MacDonald,* (*Norman Kerman* with him,) for the defendant Raymond.

*Bertram A. Sugarman,* for the plaintiff.

WILKINS, J. On this bill for a binding declaration as to the validity of a policy of workmen's compensation insurance issued to the defendant Jameson, a decree has been entered declaring that the policy is invalid; declaring that Jameson was not an "insured person" within the meaning of G. L. (Ter. Ed.) c. 152, § 1 (6), as amended by St. 1943, c. 529, § 2, at the time of an injury to the defendant Raymond on October 23, 1953; enjoining Raymond from prosecuting any claim against the company based on such injury; and ordering the company to pay to the clerk to await the outcome of any appeal and the further order of the court all premiums paid by Jameson. Raymond's appeal brings the case here.

The judge made a report of the material facts found by him. Raymond is a carpenter who, "together with others," was employed by Jameson, a building contractor in Sagamore. Some time prior to October 23, 1953, Jameson requested Stephen A. Day's Insurance Agency at Buzzards Bay to obtain for him a policy of workmen's compensation insurance. On October 23 at 12:34 P.M. the agency telephoned the plaintiff's office in Boston and applied for the insurance. The information was passed on to the plaintiff's underwriter for the Cape Cod district, and in the early afternoon the policy was prepared providing for the commencement of its term on October 23 at 12:01 A.M. Between 10 and 10:30 A.M. on that day, and before the application was made by telephone, Raymond had been injured while working for Jameson. The injury was known to Jameson within ten minutes. He did not inform the plaintiff of the accident for eight weeks. Upon the foregoing facts, the judge found that the plaintiff's policy "does not cover people who were injured prior to acceptance of the application"; that Jameson had a duty to inform the plaintiff of the injury to Raymond before the policy was issued; and that the complete facts not having been disclosed by Jameson, there was no meeting of the minds necessary for the making of a valid contract with the plaintiff.

The case could perhaps be disposed of, and the result below affirmed, on the finding on unreported evidence that the policy did not cover an injury which occurred prior to the acceptance of the application. We shall, however, rest our decision upon broader grounds. Day's insurance agency was the agent of Jameson and not of the insurance company. *Sheridan* v. *Massachusetts Fire & Marine Ins. Co.* 233 Mass. 479, 481. *Michelson* v. *Franklin Fire Ins. Co.* 252 Mass. 336, 339. *Ritson* v. *Atlas Assurance Co. Ltd.* 279 Mass. 385, 392. When the agency telephoned the insurance company, it was as if Jameson himself did so. The knowledge of the agent was the knowledge of Jameson. *Bockser* v. *Dorchester Mutual Fire Ins. Co.* 327 Mass. 473, 477–478. In legal effect, Jameson, who already knew of

the injury to Raymond, was applying for insurance without disclosing material facts within his knowledge. Under general principles, the contract would be at least voidable at the option of the company. *Mead* v. *Phenix Ins. Co.* 158 Mass. 124, 126. Restatement: Restitution, § 8, comments b, e.

The present question is whether there should be a different rule in case of a policy of workmen's compensation insurance. In passing, it should be noted that there is no indication that Jameson employed more than three employees and hence was required to have such insurance. G. L. (Ter. Ed.) c. 152, § 1 (4), as appearing in St. 1945, c. 369, as amended by St. 1953, c. 656, § 1. But proceeding beyond that point, there is nothing in the workmen's compensation act which corresponds to the provision in the compulsory motor vehicle liability insurance statute to the effect that when a certificate issued by the insurance company is filed by the insured with the registry of motor vehicles, the insurance company is "estopped to deny the issue or validity" of a policy. G. L. (Ter. Ed.) c. 90, § 34B, as amended by St. 1933, c. 83, § 2. For this reason *Royal Indemnity Co.* v. *Perry*, 296 Mass. 149, is not in point. We, accordingly, are of opinion that the ordinary principles of nondisclosure apply.

We are unable to see that the result is affected by the predating of the policy. This court has held that it would be contrary to an implied condition of a fire policy to cover goods already burned or on fire. *Mead* v. *Phenix Ins. Co.* 158 Mass. 124, 126. *Edward Rose Co.* v. *Globe & Rutgers Fire Ins. Co.* 262 Mass. 469, 473. In *Hoxie* v. *Pacific Mutual Ins. Co.* 7 Allen, 211, 217, it was said with reference to a policy of marine insurance: "The policy declared on was effected on the fourteenth day of September; the risk to begin on the twelfth day of September. As nothing is shown to the contrary, it must be assumed that, at the date of the policy and on the day when the risk began, the vessel was in such condition, undergoing repairs, that she was then seaworthy for port, so that the policy attached."

Our conclusion with respect to a policy of workmen's compensation insurance has been upheld in *Matlock* v. *Hollis,* 153 Kans. 227, *General Accident, Fire & Life Assurance Corp.* v. *Industrial Accident Commission,* 196 Cal. 179, and *Lima* v. *Industrial Accident Commission,* 1 Cal. App. (2d) 43. In *Orto* v. *Poggioni,* 245 App. Div. (N. Y.) 782, affirmed 271 N. Y. 551, a contrary holding by the industrial board was affirmed without opinion. The cases cited by the Appellate Division indicate that the ground of the decision was the absence of fraud or concealment by the insured. In view of what we have herein said about nondisclosure, we are unable to accept the result of that case.

*Decree affirmed.*