MAISE, Appellant v. DELANEY et al., Respondents

(134 N.W.2d 770)

(File No. 10180. Opinion filed April 28, 1965)

**Dana, Golden, Moore & Rasmussen, Peder K. Ecker,** Sioux Falls, for claimant and appellant.

**Kirby, McDonnell & Kirby, Gene McDonnell,** Sioux Falls, for employer-insurer and respondents.

BIEGELMEIER, J. Claimant, an employee, filed a petition seeking benefits under the Workmen's Compensation Law, sometimes referred to as the act. It appears claimant suffered an accidental injury on March 26, 1962. On that date his employer had not complied with the provisions of the South Dakota Workmen's Compensation Law, SDC 64, as the partnership had not secured the payment of compensation by a policy of workmen's compensation insurance, one of the methods stated in SDC 64.0106. After the accident, on March 27, 1962, the employer applied to the Western Surety Co. through its agent for a policy of workmen's compensation insurance and requested it be back-dated to March 26, 1962, the employer concealing the fact of the injury to claimant. On March 29, 1962 the company issued and mailed to its agent, a policy so backdated, without knowledge of the injury. On April 1, 1962, before delivering the policy to the employer, the agent advised an officer of the company of the accident and was told to deliver the policy and the company would take under advisement the question of coverage of the employer for the March 26th injury. It denied liability and this proceeding resulted. The Commissioner concluded the employer was guilty of fraudulent concealment in its dealing with the company, had secured the backdated policy by fraud and the policy was void in its inception; that the employer and employee were not covered by the aforementioned law on the date of the injury, were not operating under it on March 26, 1962 and denied the claim. On appeal the circuit court affirmed the Commissioner. We affirm. Neither the facts nor the Commissioner's findings are disputed or challenged. Claimant here asserts the conclusions are erroneous.

Without examining these acts in detail, as to those subject to it, they create a liability without fault, abrogate and limit common law rights of action of the employee and employer's defenses, 58 Am.Jur., Workmen's Compensation, §§ 19, 20 and 21; SDC 64.0104, 64.0109, 64.0110 and by legislative fiat, fix the amount of compensation. We are therefore considering obligations and rights, probably a status, created by statute.

SDC 64.0105(2) provides:

"No employer other than the state, a municipality, or other political subdivision of this state shall be deemed to have accepted the provisions of this title unless he has complied with the provisions of section 64.0106."

No contention is made of such attempted compliance in any manner except as may be stated in subsection (1) of SDC 64.0106, which reads:

"Except as otherwise provided in this section, every employer, coming within the compensation provisions of this title, shall secure the payment of compensation to his employees in one of the following ways and while the payment of compensation is so secured, the employer shall be liable to any employee * * * only as specified by this title:

(1) By insuring and keeping insured the payment of such compensation with any stock corporation writing workmen's compensation insurance * * *.

"Any employer other than the state * * * who has failed to comply with the provisions of this section shall be deemed to have elected **not to operate** under the provisions of this title." (Emphasis supplied)

Our act was formerly Article 4, Chapter 5 of Part 19 of the 1919 Code. By sections 9439 and 9482 thereof an employer coming within the act was required to insure the payment of compensation. In a series of opinions this court held an employer who had not carried such insurance, or been relieved therefrom by complying with another section permitting proof of financial responsibility, amounted to an election not to operate under the act. Richardson v. Farmers Cooperative Union, 45 S.D. 357, 187

N.W. 632; Bower v. Nunemaker, 46 S.D. 607, 195 N.W. 506; Collins v. Chicago, Mil. & St. P. Ry. Co., 49 S.D. 411, 207 N.W. 460 and Stevenson v. Douros, 58 S.D. 268, 235 N.W. 707 and Utah Idaho Sugar Co. v. Temmey, 68 S.D. 623, 5 N.W.2d 486. No substantial change occurred in the adoption of SDC 64.0106, supra, which revised and combined the cited 1919 Code sections, "for clarity". See Revisor's note to SDC 64.0106. Evidently for such clarity to dispel any doubt as to the effect of these decisions, the Code Commissioners added the last paragraph to that section as quoted above. It will be seen that paragraph restates the tenor of those decisions.

■ Coverage and liability was denied on the theory a backdated policy, procured by fraudulent concealment of a prior injury, was "voidable" in Century Indemnity Company v. Jameson, 333 Mass. 503, 131 N.E.2d 767 and "void" in Matlock v. Hollis, 153 Kan. 227, 109 P.2d 119, 132 A.L.R. 1316. Here the policy so obtained was delivered subject to the express right of the company to take the coverage under advisement. As the company denied and contested liability, the Commissioner's conclusion of no coverage was a permissible one. The insurance company was asserting a right it had expressly reserved. We do not reach the question the policy being void or voidable. Compare McNeese Construction Co. v. Harris, Ky., 273 S.W.2d 355.

■ ■ On the date of his injury the employee's right of action for damages, if one existed, came into being (Collins v. Railway Co., supra) and the employer was without power to change those rights. The statutes require securing of insurance for the act to be effective; the employer may not by his whim make a law retroactively effective on whatever date he may choose. Were this approved it would permit an employer not then within the act and faced with a large damage claim from an injured employee, to procure a backdated policy and assert it made the parties subject to the act and its limited compensation features. Similar retroactive attempts have not been viewed with favor by the court.

■ The Utah Idaho Sugar Co. v. Temmey opinion, supra, cited Richardson for holding a failure of an employer to carry

insurance, unless relieved as provided in the act, constituted an election not to operate thereunder. It equated that requirement with the one in subsection (d) of Chapter 271, Laws of 1931, which amended Section 9482 of the Revised Code of 1919, now SDC 64.0106(4). The latter permitted an employer to furnish proof of solvency and ability to pay the compensation set forth in the Act. Under this authority, the Commissioner issued annual Certificates of Exemption to qualifying employers. When the proof was not timely made it appeared the practice to date certificates back for this and other employers to cover the hiatus between the expired certificate and the actual issuance of the new one. During one of such lapses, the employee was injured. While holding the Industrial Commissioner and Commissioner of Insurance had power to limit their certificates to one year, the court said: "These facts reveal no more to us than an attempt on the part of the commissioners to grant relief retroactively, which manifestly they could not do". It was in this opinion the court referred to the action as an effort to secure an adjudication of the employer's status. See 68 S.D. at 633, 5 N.W.2d at 491. There, it seems, was a stronger argument for continuation of a status covered by the act and legally existing before and after the injury than here where the status was one not previously in existence. This is not an action on a bond; it is a proceeding to enforce obligations created and fixed by a legislative act and these rights or status cannot be made retroactive by the acts here described.

Some argument is directed to estoppel and waiver. Whether these may be used to permit creation of a nunc pro tunc status established by the legislature seems doubtful; in any event the elements are lacking. The surety company stated the bond was delivered with the condition it would take this claim under advisement, thus retaining the right to object to it so there was no waiver. As to estoppel no elements are present. Claimant's rights accrued when he was injured; they remain and were not affected by the later acts of his employer or the surety company.

Affirmed.

All the Judges concur.