Cowdrey, J.
This is an action in contract and tort to recover under a homeowner’s insurance policy issued by the Massachusetts Property Insurance Underwriting Association (MPIUA) through Bay Colony Insurance Agency, Inc. (Bay Colony), and purportedly in effect at the time of the plaintiff’s property loss.
The reported evidence indicates that: On September 2,1976 the plaintiff submitted an application for homeowners’ insurance to defendant Frederick Cross, doing business as United Real Estate Insurance Agency. The plaintiff paid $40.00 toward a $65.00 premium for the policy, and completed a financing statement from Allston Finance Co., Inc. This statement contained the following information: ‘ ‘Premium-$54.00; Check No. 737; Company-Mass. Property; Type of Insurance-Home 4; Policy No.-H69046-6.” The same policy number appears on the insurance policy ultimately issued by MPIUA.
The plaintiff testified that on September 2, 1976, defendant MPIUA, through defendants Bay Colony and Frederick Cross, represented that the insurance policy in question took effect immediately. There was evidence, however, that MPIUA received a premium payment at its offices on October 12,1976 and that insurance coverage for the plaintiffs property commenced on that date.
On October 5,1976, the plaintiff s home was burglarized and personal property with a value of $3,100.00 was stolen. The plaintiff notified MPIUA, through Bay Colony, of the theft. The defendant MPIUA refused to indemnify the plaintiff on the grounds that the plaintiff failed to file a notice of claim or proof of loss as required by the policy; and that no insurance policy was in effect on the date of the burglary.
The trial court ultimately entered a finding for the defendant MPIUA.[3]
The plaintiff is presently before this Division claiming to be aggrieved by the trial court’s disposition of the following requests for rulings of law:
1. As a matter of law, the evidence warrants a finding for the plaintiff.
*162 DENIED.
2. The evidence warrants a finding that the defendant, Bay Colony Insurance Agency, Inc., was the agent of the defendant, Massachusetts Property Insurance Underwriting Association. Damon v. Kaler, 229 Mass. 215 (1938).
ALLOWED. But I find as a fact that the defendant, Bay Colony Insurance Agency, Inc., was not an agent of the defendant Massachusetts Property Insurance Underwriting Association.
5. The evidence warrants a finding that the allegations contained in Count Three of the plaintiffs complaint are sustained by a fair preponderance of the evidence.
ALLOWED. But see answer to #2.
6. The evidence warrants a finding that the defendant, Massachusetts Property Insurance Underwriting Association, by and through its agent Bay Colony Insurance Agency, Inc., made material representations which were known by the defendant to be false when made and were made with the intent to deceive and defraud the plaintiff, and induce him to purchase the insurance policy all to his damage.
ALLOWED. But see answer to #2.
7. The evidence warrants a finding that the insurance policy issued by the defendant, Massachusetts Property Insurance Underwriting Association, numbered H-69046, took effect on September 2, 1976.
DENIED. Inconsistent with evidence presented to court and facts found. I find as a fact that insurance policy issued by the defendant, Massachusetts Property Insurance Underwriting Association, numbered H-69046-6 took effect October 12, 1976.
The defendant also requested a report to challenge the propriety of the court’s exclusion of the MPIUA Plan of Operation from evidence.
1. There was no error in the trial court’s disposition of plaintiff’s requested rulings numbers 2, 5 and 6. Said requests essentially sought a determination that the defendant MPIUA could be charged, as purported principal, with the tortious misrepresentations of its alleged agents. The existence of an agency relationship is ordinarily a question of fact for the trial court. Stern v. Lieberman, 307 Mass. 77 (1940); Feldman v. Daney Development Co., 18 Mass. App. Dec. 37 (1959). The court’s subsidiary finding that Bay Colony was not an agent of the defendant MPIUA can be sustained on the basis of the reported evidence herein, and thus properly rendered requests 2,5 and 7 immaterial.
A broker, in procuring an insurance policy for the insured, is customarily deemed to be the agent of the insured and not the insurer. See, e. g., Rozen v. Cohen, 350 Mass. 21, 233 (1966); The Century Indemnity Co. v. Jameson, 333 Mass. 503, 504 (1956) and cases cited. The plaintiff has introduced no evidence to alter the application of this general rule to the facts herein. First, the representations of defendants Cross and Bay Colony as to the effective date of the policy at issue were not admissible to establish the agency of these defendants and were not binding upon MPIUA. DuBois v. Powdrell, *163 271 Mass. 394, 397 (1930); Sheridan v. Massachusetts Fire and Marine Ins. Co., 233 Mass. 479, 481 (1919).
Second, contrary to the plaintiffs contentions, an agency by estoppel did not arise herein.[4] The significance of the policy number which appeared on both the defendant’s financing statement and the insurance policy ultimately issued by MPIUA is conjectural at best. No automatic cause and effect relationship was proven to exist between, or could be logically inferred from, the simple administrative exercise of numbering an insurance application, financing statement, or policy and the actual issuance of such policy and the commencement of insurance coverage. The contrary conclusion drawn by the plaintiff, and the alleged resulting reliance required for an estoppel, cannot be deemed reasonable.[5] In any event, the simple answer to the plaintiffs argument is that the appearance of the policy number on the financing statement is not probative evidence of any conduct, representation, or knowledge of MPIUA itself on or before September 2,1976 which could have given rise to an agency by estoppel herein. Toppi v. Cambridge Motor Inn, Inc., Mass. App. Div. Adv. Sh. (1979) 306, 311. See also United States Time Corp. v. G. E. M. of Boston, Inc. 345 Mass. 279 (1963); McCarthy v. Brockton Nat’l Bank, 314 Mass. 318 (1943). The plaintiffs argument, that such number was in some manner “issued” by MPIUA to Bay Colony or Cross prior to September 2, 1976 and that MPIUA intended or was on notice that such issuance entailed a full authorization to bind MPIUA to all insurance contracts solicited by these defendants, constitutes sheer speculation on the basis of the reported evidence.
Finally, the plaintiffs attempt to establish the existence of an agency relationship herein is not aided by the provisions of G.L.c. 175, § 169.[6] Said statute renders an insurance broker the agent of the insurer solely for the purposes of collecting premiums on insurance policies. Michelson v. The Franklin Fire Ins. Co., 252 Mass. 336, 339 (1925); Gechijian v. Richmond Ins. Co., 298 Mass. 487, 492 (1937). The scope of this legislatively imposed agency is strictly limited, however, and does not affect any other rights and obligations of the parties. Ritson v. Atlas Assurance Co. Ltd., 279 Mass. 385, 392 (1932).[7] The plaintiffs payment of $40.00 toward the insurance premium did not, therefore, render Cross or Bay Colony the general agents of MPIUA so as to impose any liability upon MPIUA for the misrepresentations of its co-defendants.
2. There was also no error in the denial of plaintiffs requested ruling number 7. As the *164 trial court correctly determined, the only evidence introduced below established that homeowners’ insurance policy number H-69046 was issued by MPIUA, and took effect on, October 12, 1976. The alleged misrepresentations of Cross and/or Bay Colony as to a September 2,1976 effective date were not binding on MPIUA in view of the absence of any evidence as to an agency relationship between the defendants. As request 7 was inconsistent with the court’s proper subsidiary finding on this issue, the request was properly denied.
3. Finally, the trial court’s denial of requested ruling number 1 must be sustained as no evidence was introduced which would support a finding for the plaintiff herein. The plaintiffs failure to advance any probative evidence beyond mere speculation on the issue of Cross’ or Bay Colony’s agency for MPIUA precluded any recovery by the plaintiff either in contract on the insurance policy or in tort for the misrepresentations of Cross or Bay Colony. The trial court’s finding for the defendant MPIUA was thus required.
4. On the basis of our review of the merits of this action in favor of defendant MPIUA, we find it unnecessary to consider any question as to the propriety of the trial court’s exclusion of the MPIUA Plan of Operation from evidence.
5. There being no error in the court’s disposition of the plaintiffs requests for rulings of law, the report is hereby dismissed.

So ordered.

 Count One of the plaintiffs complaint against Frederick Cross was dismissed prior to trial for lack of service of process. A default with assessed damages in the amount of $3,034.58 was entered against the defendant Bay Colony Insurance Agency, Inc.

 The plaintiffs assertions as to the apparent or ostensible authority of the defendants herein obscure the central issue as to the existence of an agency relationship. Circumstantial evidence of the apparent authority of an individual to perform an act in the name of another becomes relevant only when the individual is initially proven to have some general authority or relationship with the purported principal. See, e.g., Neilson v. Malcolm Kenneth Co., 303 Mass. 437, 441 (1939); Merolla v. Talman & Johnson Ins. Agency, 354 Mass. 300, 302-303 (1968); Bascome v. Inferrera, 271 Mass. 296, 299 (1930); Lord v. Lowell Inst. For Savings, 304 Mass. 212, 214 (1939); Castoris v. Medford Housing Authority, 343 Mass. 108, 113-115 (1961). As the defendants herein were neither general agents nor employees of MPIUA, the pertinent inquiry is whether an agency by estoppel can be deemed to have been created. Toppi v. Cambridge Motor Inn Inc., Mass. App. Div. Adv. Sh. (1979) 306, 311.

 There is an additional question as to whether the plaintiff could have possibly relied on the policy number appearing in the financing statement as proof of Cross’ or Bay Colony’s authority to render the insurance policy immediately effective and to bind MPIUA accordingly. There is no conclusive evidence that this number was inserted in the financing statement by Cross or Bay Colony on September 2, 1976 and thus that it was brought to the plaintiffs attention at that time. As the defendant MPIUA argues, the report discloses only that this number appeared on the financing statement at the time of trial. The trial court was, of course, free to disbelieve the plaintiffs unsubstantiated, though uncontradicted, testimony on this issue. Godfrey v. Caswell, 321 Mass. 161, 162 (1947).

 General Laws c. 175, § 169 states: “An insurance agent or broker acting for a person other than himself in negotiating or continuing or renewing any policy of insurance or any annuity or pure endowment contract shall, for the purpose of receiving any premiums therefor, be held to be the agent of the company, whatever conditions or stipulations may be inserted in the policy or contract.”

 ‘ ‘It would be an unwarranted construction of the contract of insurance to hold that, because the broker is made by the statute the agent of the insurer for a single purpose, the insurer should be liable for knowledge which the broker acquired while acting as agent for the assured in soliciting and procuring the insurance. As the plaintiff paid the broker the premium and it was received by the defendant, the statute has no application to any other issue involved.” Ritson v. Atlas Assurance Co. Ltd., 279 Mass. 385, 392 (1932).