[Civ. No. 5179. Third Appellate District.—September 24, 1934.]

SAM LIMA, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, JOHN LUTERAN et al., Respondents.

Ralph H. Lewis and Glenn West for Petitioner.

Everett A. Corten for Respondents.

PLUMMER, J.—This cause is before us upon the application of the above-named petitioner to review an award made by the Industrial Accident Commission in favor of the respondents John Luteran and Commercial Casualty Insurance Company, a corporation.

The record shows that the petitioner was engaged in the viticultural business in San Joaquin County; that he was engaged in such business during all the times mentioned herein; that on or about the fifth day of October, 1933, the petitioner being about to begin the harvest of grapes, wrote

to Anthony M. Lanza, a real estate and insurance broker in San Francisco, requesting Lanza to procure from the Commercial Casualty Insurance Company an insurance policy pursuant to the provisions of the Workmen's Compensation, Insurance and Safety Act of the state of California. This letter was received by Lanza on the seventh day of October, 1933; on the same day the petitioner called at the office of Lanza in San Francisco with reference to the procurement of a liability insurance policy, and according to the record was informed by Lanza that he would attend to the procurement thereof.

Work was begun by the petitioner in the gathering of grapes, and in pursuance thereof he employed the individual respondents herein. In so doing the petitioner furnished conveyance to the individual respondents in going from the residence of the petitioner to the place where the workmen were engaged in the gathering of grapes. It appears that some time between 5 and 6 o'clock of the afternoon of October 10, 1933, while riding in an automobile furnished by the petitioner in conveying his employees to and from their work, the automobile was upset and the respondent John Luteran severely injured.

The record further shows that later in the evening of October 10, 1933, a six-minute communication by telephone was had between the residence and telephone number of the petitioner herein and the telephone number of Anthony M. Lanza, in San Francisco. Likewise, the record shows a telephone communication was had between the telephone number of the petitioner and the telephone number of Lanza, on October 11, 1933, and likewise on October 13, 1933, the telephone call on October 13th being listed as a person to person call as from Lima to Lanza. These telephone calls were denied by both the petitioner and Lanza.

Lanza testified that on Saturday, October 7, 1933, he telephoned to the office of the Commercial Casualty Insurance Company and had a conversation with someone whose voice he did not recognize, and ordered a liability policy to be made out insuring the petitioner. This conversation the witness testified was first had with a girl and then with some man. The transcript before us does not show that any record was made by the respondent Commercial Casualty Insurance Company of this telephone order for the writing

of a policy. No policy appears to have been issued in pursuance of the telephone order testified to have been given by the witness Lanza.

On October 11, 1933, Lanza called up the respondent Commercial Casualty Insurance Company and had a conversation with one of the agents of the Commercial Casualty Insurance Company by the name of Mitchell, and ordered a liability policy made out in favor of the petitioner in this proceeding. This witness testified as follows: "Q. Will you state to the best of your recollection what conversation took place at the time Mr. Lanza telephoned you on October 11th? A. He phoned and asked that I write a policy for Sam Lima; gave me a classification to use the address, and then mentioned that if there was any further information that I needed I could get if off the old daily as we had the insurance before. Q. Did he make any reference about having previously ordered the policy? A. Not to me."

In pursuance of this order for a policy in favor of the petitioner the respondent Commercial Casualty Insurance Company wrote the liability policy dated as of October 13, 1933, but made effective as and from the eleventh day of October, 1933, the date of the order just referred to. This policy was delivered to Lanza on the morning of October 14th. Shortly after the receipt of the policy by Lanza on October 14th, Lanza called up the office of the Commercial Casualty Insurance Company and had a conversation with one of the officers thereof in relation to the effective date of the policy, and thereafter called at the office of the company and informed an agent of the company named Crawford that he had ordered the policy on the seventh day of October, 1933, and desired a correction made therein so that the effective date of the policy would read as of October 7, 1933. Accepting the word of Lanza that the policy had been ordered as of October 7, 1933, Crawford wrote a rider to be placed upon the policy changing the effective date so as to make it read as and from October 7, 1933, and attached this rider to the policy.

Lanza testified that he had not learned of the accident to Lima's employee named John Luteran, which as we have stated occurred on the evening of October 10, 1933, at the time of the occurrences herein referred to. Likewise, the agents of the company testified that they had not learned

that any injury had befallen any of the employees of the petitioner.

The record does not disclose the subject-matter of the conversations had between the Lima telephone and the Lanza telephone on October 10, 1933, after the accident, nor does it disclose the subject-matter of the telephone conversations had between the two telephones on either October 11 or October 13, 1933. It simply discloses that one of the telephone calls was a person to person call as from Lima to Lanza. Following the introduction of testimony an award was made in favor of John Luteran, and likewise holding that the antedating of the policy issued by the Commercial Casualty Insurance Company was obtained by fraud, and therefore was not binding upon the company.

▪ Some question was raised before the commission as to whether Lima came within the terms and provisions of the Workmen's Compensation, Insurance and Safety Act by reason of the amount of his pay roll for the previous year. However, by reason of that not having been made the subject for rehearing before the commission, it is not a matter of subject to be reviewed herein. Likewise, the argument presented by counsel that if a rehearing is had, the telephone conversations had between Lima and Lanza might be so proven as to show that Lanza had no knowledge of the accident to John Luteran on October 10, 1933, and that the petitioner was acting under the impression that the insurance policy had been ordered on October 7, 1933, and issued in accordance with such order. These questions, however, are subject-matters not within the jurisdiction of this court. Upon this hearing we are confined to the record.

▪ Irrespective of the inferences which might be drawn by the court from the testimony referred to herein, if there is any substantial evidence to support the findings of the commission, this court is bound thereby. The rule is thus stated in 27 California Jurisprudence, page 578: "Findings of the commission on questions of fact may not be reviewed when there exists substantial evidence to support them, even though that evidence be hearsay. And if the specific findings of the commission have the support in the evidence, and if such findings, with the aid of fair inferences, sustain the findings of ultimate facts, the action of the com-

mission will not be overthrown. Likewise, the courts have nothing to do with the conflict of testimony or the credibility of the witnesses appearing before the commission.'' If the testimony which we have recited, and which appears in the record, supports a fair inference that Lanza did not order a liability insurance policy from the respondent Commercial Casualty Insurance Company on October 7, 1933, but did give such an order on October 11, 1933, and thereafter secured the antedating of the policy in order to cover up or conceal his neglect, or in an attempt to conceal any act of negligence on his part, then and in that case the award of the commission must be affirmed. With the witnesses before thém, and their opportunity to judge the credibility of Lanza, we think there is sufficient in the record to support the conclusion of the commission, and that a fair inference is deducible from the testimony that Lanza neglected to give the order for the insurance policy on October 7, 1933, and that his subsequent acts were taken in an attempt to relieve himself from such neglect.

■ Again, the testimony as to the order alleged to have been given by Lanza on October 7, 1933, is insufficient upon which to overthrow the award of the commission.

In the case of *Kugler* v. *Industrial Acc. Com.*, 63 Cal. App. 308 [218 Pac. 472], the subject of oral orders given to an insurance company, in order to render the company liable as and from the date of the order, is considered at length, and it is there held that anyone relying upon such an oral order has the burden of proving that the person to whom the oral order is given has authority to bind the insurance company. Nothing of that kind appears in the record in this case. That such oral orders, when properly proved, given to an authorized agent of an insurance company, bind the company, appears to be well supported by the cases cited in *Ferrar* v. *Western Assur. Co.*, 30 Cal. App. 489 [159 Pac. 609]. However, from the failure of the testimony to establish such facts in this case, those authorities are not pertinent here.

Irrespective of the views which we may hold upon the testimony presented by the record in this case, it clearly appears that there is sufficient to support the findings of the commission.

It follows, therefore, that the award must be and the same is hereby affirmed.

Pullen, P. J., and Thompson, J., concurred.