No. 20,632.

JAMES MILES HUNT *v.* THE AETNA CASUALTY AND SURETY COMPANY.

(387 P. [2d] 405)

Decided December 16, 1963.

Mr. BEN KLEIN, Mr. IRVING M. MEHLER, for plaintiff in error.

Messrs. TILLY and SKELTON, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

WE will refer to the plaintiff in error James Hunt as the claimant and the defendant in error The Aetna Casualty and Surety Company as the insurer.

The claimant sustained injuries resulting from an industrial accident on June 20, 1961, while employed by Helmbold and Son, Inc., and sought benefits under the Workmen's Compensation Act, C.R.S. '53, 81-1-1 *et seq*. The Industrial Commission entered an award for temporary total disability and ordered the insurer to pay compensation to the claimant at the rate of $40.25 per week from June 21, 1961, to and including December 11, 1961, and to pay for claimant's necessary medical expenses incurred as a result of the accident, not to exceed $1,500 in value.

The insurer thereafter sought review in the district court where the award of the Industrial Commission was set aside and vacated on the grounds that the Industrial Commission had "* * * exceeded its jurisdiction, misconstrued the law, and in so doing acted contrary to the law." The matter was remanded to the Industrial Commission with the direction that it enter an award:

"(1) Disallowing the claim of the defendant James Miles Hunt as against the plaintiff The Aetna Casualty and Surety Company, a Connecticut Corporation, and dismissing the award as against plaintiff; and

"(2) Allowing the claim of defendant James Miles Hunt as against the defendant Helmbold and Son, Inc., a Colorado Corporation."

The claimant is here by writ of error seeking review of the judgment. Helmbold and Son, Inc., the employer, is not included in the designation of parties and is not a plaintiff in error here. We note also that the Industrial Commission is not here seeking review of the judgment of the trial court.

It is the claimant's contention that a contract for workmen's compensation insurance issued by the insurer to Helmbold covered the accident in question and the plaintiff in error Hunt. The insurer urges that the policy did not cover the accident in question as a matter of law because the claimant's employer, acting through Donald Helmbold, ordered the policy *after* the accident had occurred and without revealing to the insurer's agent that the accident had already occurred.

On June 6, 1961, Donald Helmbold contacted one Milton Warren, an agent of the insurer, and notified him that he wanted a workmen's compensation insurance policy. Warren discovered that the insurer had previously issued a general liability policy to Helmbold and that it had been cancelled for non-payment of premiums. He notified Helmbold on the same day that no workmen's compensation insurance policy could be issued in light of

the cancellation of the general liability policy and that the general liability policy would have to be reinstated before a workmen's compensation policy would be issued.

On June 20, 1961, at some time between 10 A.M. and 11 A.M. Helmbold contacted Warren again and ordered a policy of workmen's compensation insurance and a policy of general liability. The policy of workmen's compensation insurance was issued effective 12:01 A.M., June 20, 1961. The evidence is undisputed that the industrial accident in question here occurred at about 9:45 A.M. on June 20, 1961, and that the employer did not inform Warren of its occurrence, although he knew about the accident. Helmbold himself admitted, quite frankly, that he placed his telephone call to Warren ordering the policy *from the hospital to which the claimant had been taken after the accident.* The workmen's compensation insurance policy was thereafter cancelled on July 5, 1961, for non-payment of the first installment on the premium.

The referee in his findings which were adopted as the award of the Industrial Commission recognized this undisputed evidence, but he proceeded to hold "* * * that the innocent claimant cannot be made to suffer from transactions over which he had no control."

▮▮ While it is true that parties may under certain circumstances enter contracts of insurance to protect against a loss that, unknown to the parties, has already occurred, *United States v. Patryas,* 303 U.S. 341, 82 L. Ed. 883, 58 S. Ct. 551, the knowledge and concealment of such loss by the insured operates as a bar to recovery under the policy. It is important to note here that we are not dealing with an interpretation of the Workmen's Compensation Act of this state, but only with a question relating to the law of contracts. Thus in *Century Indemnity Co. v. Jameson,* 333 Mass. 503, 131 N.E. (2d) 767, it was held under the exact circumstances present here that a policy did not cover an industrial accident

which occurred prior to the acceptance of the employer's order for compensation insurance, even though the policy was pre-dated, when the employer knew of the accident in question when he ordered the policy but did not disclose it to the insurance carrier.

We are in accord with that decision and we hold that under the circumstances shown here the policy did not cover Hunt's accident. See also *Matlock v. Hollis,* 153 Kan. 227, 109 P. (2d) 119, 132 A.L.R. 1316; *Lima v. Industrial Accident Commission,* 1 Cal. App. (2d) 43, 36 P. (2d) 223; 2 Larson, *Workmen's Compensation Law,* Sec. 92.20, p. 446.

The claimant urges that he stands in the position of an innocent third party beneficiary entitled to recover against the insurer. He asserts that "prior and continuing negotiations" between the insurer and the employer induced the employer to believe that a valid contractual relationship existed between the parties which would afford the employer workmen's compensation insurance coverage.

The record clearly shows and the referee found that on June 6, 1961, the employer was informed that a policy of workmen's compensation insurance would not be issued until the employer renewed or procured a policy for general liability. It is clear from the record that the employer never thought he was covered by workmen's compensation insurance until he called on the morning of June 20, 1961, after the accident had occurred and ordered the policy. It is true that a workmen's compensation insurance policy is made for the benefit of a third person and that ordinarily the employee is a third party beneficiary. See 100 C.J.S., *Workmen's Compensation,* Sec. 376, pp. 107, 108. But here Hunt cannot be a third party beneficiary to a contract, however innocent he may be, since, as we have said, there was no contract at all covering Hunt's accident. The fact that he was not a party to the concealment by his employer cannot aid him in such a situation.

■ The claimant also urges that the doctrines of promissory estoppel or equitable estoppel are applicable here. There is not a word of testimony, nor is there any finding by the referee, that the insurer represented to the employer or to Hunt that the employer had coverage prior to the employer's call to the carrier after the accident had occurred. If the claimant was in any sense misled in this case into believing that there was workmen's compensation insurance in force at the time he went to work, it was solely by his employer. Under such circumstances no estoppel against the insurer arose.

The insurer also contends that Helmbold and Son, Inc., did not employ four or more employees so as to subject it to the terms of the Workmen's Compensation Act. We have held that the accident here was not covered by the policy issued by the insurer and therefore the insurer has no justiciable interest in whether the employer was covered. The employer has not seen fit to become a party to this writ of error. Under these circumstances, there is no one before this Court who can properly raise the issue of the employer's coverage under the Act, hence the judgment of the trial court on this issue is not before us.

The judgment is affirmed.