# JACK HARRIS v. HOBART IRON COMPANY.[1]

November 27, 1914.

Nos. 18,887—(99).

**Workmen's Compensation Act — election not to accept — when effective.**
Construing the Workmen's Compensation Act (Laws 1913, c. 467), approved April 24, 1913, effective from October 1, 1913, it is *held* that an employee accepts the provisions of the act until he makes an election not to accept; that under the proviso contained in section 12 of said chapter his election, made within 30 days after October 1, is effective at once, notwithstanding the clauses of sections 11 and 12 relative to a 30 days' notice; and that an employee injured on October 15, 1913, perfecting his election not to be bound by the act on October 29, 1913, is, until that date, bound by the act and cannot maintain a common law action for his injury.

Action in the district court for St. Louis county to recover $25,350 for personal injury received while in the employ of defendant. From an order, Hughes, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Affirmed.

*D. D. Morgan* and *James J. Giblin,* for appellant.
*Washburn, Bailey & Mitchell,* for respondent.

DIBELL, C.

This action was brought by the plaintiff to recover damages for personal injuries sustained on October 15, 1913, while in the employ of the defendant. The plaintiff appeals from an order sustaining the defendant's demurrer to his complaint.

The sole question is whether the plaintiff at the time of his injury was subject to the provisions of the so-called Workmen's Compensation Act (Laws 1913, p. 675, c. 467).[2] If he was the demurrer was rightly sustained. If he was not it was wrongly sustained.

It is an essential feature of the act that every employer and employee coming within its terms is bound by it unless he makes an

[1] Reported in 149 N. W. 662.          [2] [G. S. 1913, §§ 8195–8230.]

election not to accept it. No provision is anywhere in the act for an acceptance. There is always an acceptance, unless there be an election not to accept. See Mathison v. Minneapolis Street Ry. Co. 126 Minn. 286, 148 N. W. 71, where the the constitutionality of the act was under consideration.

The act was approved April 24, 1913, to be in effect on October 1, 1913. Section 11 of the act provides, among other things, that every employer and employee is presumed to have accepted the act unless 30 days prior to the accident he elects not to accept its provisions and signifies his election by giving a notice in a manner specifically prescribed. Section 12 provides that either party may terminate his acceptance, or his election not to accept, by 30 days' written notice to the other given in a manner specified. It contains this proviso:

"Provided, however, that during the thirty (30) days immediately succeeding the taking effect of this act, notice of election not to accept the provisions of Part 2 may be given by either party to the other as above provided, and shall be immediately effective as a notice of election, upon filing duplicate thereof with the labor commissioner."

This proviso furnishes the key to the situation presented. Its evident purpose is to permit either party to give notice of his election not to accept within 30 days after the taking effect of the act, and to make the same immediately effective, so as to obviate what might otherwise be the effect of the statutory requirement of a 30 days' notice.

After the plaintiff served and filed his election not to accept, that is, on October 29, 1913, he was not subject to the provisions of the compensation act. Prior to that time he was. He was injured while subject to the act.

The construction of the statute presents no difficulty and justifies no further discussion.

Order affirmed.