FREESE, Appellant, v. MORRELL & COMPANY, Respondent.
(237 N. W. 886.)

(File No. 6930.   Opinion filed September 21, 1931.)

*Mundt & Mundt,* of Sioux Falls, for Appellant.

*Boyce, Warren & Fairbank,* of Sioux Falls, for Respondent.

CAMPBELL, J.   Plaintiff instituted the present action against the defendant seeking to recover damages for personal injury in the sum of $50,000.   It appears from the complaint that plaintiff was in the employ of defendant at its packing plant in Sioux Falls, and while engaged in the usual course of his employment suffered a personal injury by accident arising out of and in the course of said employment.   Plaintiff alleges that defendant negligently and carelessly maintained a certain electric hoist and trolley conveyor in a worn, defective, and unsafe condition, and furnished the same in such dangerous and defective condition to the plaintiff for use in the course of his employment; and that by reason of said unsafe and defective condition, while plaintiff was using said machinery, a portion of the machinery, together with the burden then being carried thereby, fell upon the plaintiff.   The complaint sets forth the damage suffered by plaintiff as a result of said accident as follows:

"* * * * That by reason of said carelessness and negligence of the defendant the trolley struck the plaintiff in left groin and on left testicle, so that the left testicle had to be removed and entirely severed from plaintiff's body.   * * *

"That because of said accident and injury * * * the plaintiff has lost his sexual powers and become impotent and that the plaintiff by reason of said accident and injury is disfigured and that the plaintiff has suffered grievous mental and physical pain and suffering and has undergone and is now undergoing great humiliation and disgrace by reason of said injury and that the plaintiff furthermore by said facts and said injury has been permanently disfigured all to the plaintiff's damage in the sum of Fifty thousand dollars ($50,000.00)."

It appears also from the complaint that the employment in which plaintiff was engaged falls within the scope of the Work-

men's Compensation Law of this state (sections 9436-9491, Rev. Code 1919, and acts amendatory thereof) ; that defendant was carrying workmen's compensation insurance as required by said law ; and that neither plaintiff nor defendant had exempted themselves from the operation thereof. This action, however, is brought independently of the Workmen's Compensation Law as a common-law action for damages, and the theory upon which plaintiff relies to justify the action is set forth in the complaint as follows:

"That the plaintiff filed a claim against the defendant with the Industrial Commission of the State of South Dakota. That on or about the 4th day of April, 1928, the Industrial Commissioner in said case made a finding that the plaintiff was not entitled to any compensation for the disfigurement or removal of the testicle and that the Industrial Commissioner was without jurisdiction to make any award for said matter."

"That to plaintiff's best knowledge and belief the Workmen's Compensation Act of the State of South Dakota does not make any provision for the injury for which the plaintiff herein asks recovery. That the plaintiff only has a common law cause of action in that this is an injury for which the workmen's compensation law makes no provision."

To this complaint defendant demurred upon the ground that the same did not state facts sufficient to constitute a cause of action, and from an order sustaining said demurrer to his complaint plaintiff has now appealed to this court.

Workmen's compensation laws, although of comparatively recent origin, now exist in most of the states, and the general theory and nature thereof have been often discussed by this as well as other courts. See Richardson v. Farmers' Co-operative Union, 45 S. D. 357, 187 N. W. 632; Bower v. Nunemaker, 46 S. D. 607, 195 N. W. 506; Mellquist v. Dakota Printing Co., 51 S. D. 359, 213 N. W. 947; Stevenson v. Douros, 58 S. D. 268, 235 N. W. 707.

■ It is the universal rule that where employer and employee are operating under the Workmen's Compensation Law and the employee suffers an accident arising out of and in the course of his employment to which the act is applicable, he must look exclusively to the act for his remedy. Shade v. Ash Grove Lime & Portland Cement Co., 92 Kan. 146, 139 P. 1193, affirmed on re-

hearing 93 Kan. 257, 144 P. 249; McRoberts v. National Zinc Co., 93 Kan. 364, 144 P. 247; Harris v. Hobart Iron Co., 127 Minn. 399, 149 N. W. 662; Christ v. Chicago & N. W. R. Co., 176 Minn. 592, 224 N. W. 247; Murray v. Wasatch Grading Co., 73 Utah, 430, 274 P. 940; White v. E. T. Slattery Co., 236 Mass. 28, 127 N. E. 597; Sheban v. A. M. Castle & Co., 185 Wis. 282, 201 N. W. 379.

Appellant does not question the general rule that the Workmen's Compensation Law furnishes the exclusive remedy in cases where it is applicable, but insists that he is entitled to maintain the present action as an action at law upon the theory that the Compensation Law makes no provision for the particular injury which appellant suffered. Section 9459, Rev. Code 1919, and amendatory acts, established the compensation to be paid to employees for injuries under the act. Subdivision 5 thereof as amended by chapter 310, Laws 1923, and chapter 254, Laws 1929, provides a fixed and arbitrary compensation to be paid for certain specified physical injuries there listed in some twenty-five separate items, including, for example, the loss of a thumb, the loss of a first finger, the loss of a toe, an arm, a leg, etc. Appellant contends that because the particular physical injury which he suffered as a result of the accident is not included and a definite compensation fixed therefor in the list of physical injuries set forth in subdivision 5, it must follow that the Compensation Law is not applicable to and makes no provision for his particular case, and therefore that he is entitled to proceed as at the common law for full compensatory damages based upon the actionable fault of the employer. To this contention we are unable to agree.

Prior to the enactment of the Compensation Law, action for damages for personal injury to the employee could be predicated only upon actionable wrong or default on the part of the employer. If an employee suffered injury as the result of a fortuitous accident not occasioned by any wrong or negligence on the part of the employer or those for whose conduct the employer was responsible, there could be no recovery whatever regardless of the amount of actual damage suffered by the employee. On the other hand, if the employer was guilty of a breach of duty, and as a result thereof, the employee suffered injury, the measure of damage (section 1984, Rev. Code 1919) was "the amount which will com-

pensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." This situation, as we have previously had occasion to point out (Stevenson v. Douros, 58 S. D. 268, 235 N. W. 707), was changed by the enactment of the Workmen's Compensation Law. The law by its terms applies to all personal injuries which may be suffered by an employee as the result of any accident "arising out of and in the course of the employment." "Injury" is defined by section 9490, Rev. Code 1919, as follows: " 'Injury' or 'personal injury' shall mean only injury by accident arising out of and in the course of the employment and shall not include a disease in any form except as it shall result from the injury."

Sections 9437, 9462, 9440, and 9442, Rev. Code 1919, provide respectively as follows:

"Every employer and employee, except as stated in this article, shall be presumed to have accepted its provisions respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of employment, and shall be bound thereby except as hereinafter provided; and every contract of service between any employer and employee covered by this article, express or implied, in operation on the first day of July, 1917, or made or implied prior thereto, shall be presumed to continue."

"The compensation herein provided, together with the provisions of this article, shall be the measure of the responsibility which the employer has assumed for injuries or death that may occur to employees in his employment subject to the provisions of this article."

"The rights and remedies herein granted to an employee subject to this article, on account of personal injury or death by accident arising out of and in the course of employment, shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, on account of such injury or death."

"No compensation shall be allowed for any injury or death due to the employee's wilful misconduct, including intentional self-inflicted injury, intoxication, and wilful failure or refusal to use a safety appliance or perform a duty required by the statute;

provided, that the burden of proof under this section shall be on the defendant employer."

■ Under the Compensation Act the employee, on the one hand, may receive compensation for accidental injuries arising out of his employment even though there is no fault whatever. On the other hand, the compensation fixed by the act is the same whether the injury was or was not caused by actionable fault of the employer. It follows therefore that while the employee may have compensation for accidental injuries not the fault of the employer, which he could not do at common law, yet if the accident befalls on account of a fault of the employer, which would be actionable at the common law, nevertheless the compensation instead of being as it was at the common law, "an amount which will compensate for all the detriment proximately caused thereby," is limited to the compensation specified in the act. The act covers all accidental injuries as therein defined arising out of and in the course of the employment excepting those caused by willful misconduct of the employee, and allows compensation therefor without any distinction as to whether or not the employer was at fault, and the net result is that the employee may have compensation in some cases where he would have had no cause of action at law prior to the act, and co-relatively in other cases where the employer may be at fault the employee is required to accept the compensation limited in the act and can no longer bring his action at law and have a jury assess the amount of his detriment.

■ Section 9459, Rev. Code 1919, as amended by chapter 419, Laws 1921, chapter 222, Laws 1927, and chapter 254, Laws 1929, is the schedule of compensation for injuries. It is general in its language and applies to all accidental injuries, not resulting in death. Subdivision 1 (as amended by Laws 1927, c. 222) provides that in all cases the employer shall provide necessary first aid, medical, surgical, and hospital services, etc., not exceeding a certain amount. Subdivision 2 (as amended by Laws 1921, c. 419, § 1) provides that compensation for loss of time at work shall not be paid under the act for an injury which does not incapacitate the employee for a period of at least ten days from earning full wages excepting as otherwise specifically provided, except where the incapacity continues for six weeks or longer, in which event compensation shall date from the injury, but otherwise from the

eleventh day, and this subdivision also provides the method of computing such compensation. Subdivision 3 provides an additional compensation and the method for determining the amount of the same in cases where the injury results in a serious and permanent disfigurement to the hand, head, or face. Subdivision 4 provides a compensation to be paid in cases where, as a result of the injury, the employee becomes permanently partially incapacitated from pursuing his usual and customary line of employment whereby his future earnings will be diminished. Then comes subdivision 5 (as amended by Laws 1923, c. 310, and Laws 1929, c. 254), which provides certain arbitrary additional compensation for a number of specified physical injuries. That this is merely an arbitrary additional compensation limited to the particular physical injuries therein listed is plainly evidenced by the introductory language of the subdivision which is as follows: "5. For injuries in the following schedule, the employee shall receive in addition to compensation during the period of temporary total incapacity for work resulting from such injury, in accordance with the provisions of sub-divisions 1 and 2 of said Section 9459, compensation for a further period, subject to the limitations as to time and amounts fixed in sub-divisions 2 and 8 of said Section 9459, for the specific loss herein mentioned as follows: But shall not receive any compensation under any other provision of this Act." Subdivision 6 of the act (as amended by Laws 1921, c. 419, § 2) provides for compensation where the accident results in complete disability which renders the employee wholly and permanently incapable of work. Subdivision 7 relates to the distribution of such compensation if the employee dies before the total of his complete disability payments equals the amount payable as a death benefit. Subdivision 8 (as amended by Laws 1921, c. 419, § 3) deals with the method of computing compensation and the maximum limits of the amount thereof. It is not material that the particular physical injury resulting to the appellant from the accident in question is omitted from the schedule of physical injuries additionally compensable under subdivision 5 above referred to, nor does the omission of appellant's particular injury from the list in subdivision 5 indicate that the Workmen's Compensation Act is not applicable to his injury. Subdivision 5, of course, does not purport to be a complete schedule of all injuries which may acci-

dentally befall the human anatomy. It merely lists a comparatively limited number of particular injuries for which it is the legislative will that a specific and arbitrary additional compensation should be paid over and above medical and surgical aid and compensation for loss of time or earning capacity. The Workmen's Compenation Act is none the less applicable to appellant's injury. His situation is simply that a portion of the detriment which he happened to suffer in his particular case and for which he might have recovered at the common law is not recognized as specifically compensable under the act. The distinction between a case where the injury is not in fact covered by the Compensation Law and plaintiff may therefore sue for damages as at the common law, and the case where the injury is covered by the act and the employee is therefore limited to the compensation provided by the act even though the act does not allow compensation for all the detriment he has suffered and does not allow compensation for some elements of his damage for which he might have recovered at the common law, is well illustrated by two Minnesota decisions. The Minnesota Compensation Law at the respective dates of these decisions provided that it should be applicable in all cases of accidental personal injury, and also contained a schedule similar to our subdivision 5 establishing certain detailed arbitrary compensation for the specific physical injuries therein listed, such as, loss of fingers, toes, a leg, an arm, etc. The act also provided that the disablement of an employee resulting from an occupational disease should be treated as the happening of an accident within the meaning of the act, but provided that only certain enumerated diseases should be deemed to the occupational diseases. In Hyett v. Northwestern Hospital, 147 Minn. 413, 180 N. W. 552, as the result of an accident the employee suffered a physical injury quite similar to that in the case at bar. He sought to recover as at the common law on the theory that the case was not within the purview of the Compensation Act. The court, by ruling upon demurrer, held that the employee had no cause of action at law, and said in part: "Every personal injury causes pain and suffering, measured in degree by the character of the injury; some result in the disfigurement of the person—the loss of a hand or other member of the body, an eye, scalds and burns upon the hands or face, all of which must be carried through life to the mental distress of the victim.

And in given cases, like that at bar, an injury, accidental or otherwise, may impair and totally destroy some function of the human body not of a character to incapacitate the employee from his usual employment, or affect his earning capacity, therefore not within the letter of the Compensation Act. Matters of that character are proper elements of damage in the negligence action, but our Compensation Act makes no provision for a consideration thereof in the award to an injured employee, even though they may constitute his major or principal grievance." On the other hand, in Donnelly v. Minneapolis Manufacturing Co., 161 Minn. 240, 201 N. W. 305, the employee, because of the actionable fault of the employer in failing to provide adequately ventilated working rooms as required by statute, acquired "chronic bronchitis with chemical poisoning," which disease was not among the diseases listed as occupational diseases to be treated as accidental injuries and compensable under the act, and the court very properly held in that case that the Compensation Act did not apply and the employee might have his action at law.

The contention of appellant herein appears to find some support in the New York case of Shinnick v. Clover Farms Co., 169 App. Div. 236, 154 N. Y. S. 423. But as pointed out in Hyett v. Northwestern Hospital, supra, the Shinnick Case was very presently overruled in New York. See Connors v. Semet-Solvay Co., 94 Misc. Rep. 405, 159 N. Y. S. 431; Jensen v. Southern Pacific Co., 215 N. Y. 514, 109 N. E. 600, L. R. A. 1916A, 403, Ann. Cas. 1916B, 276; Shanahan v. Monarch Engineering Co., 219 N. Y. 469, 114 N. E. 795. The correct view is well exemplified in the later New York case of Morris v. Muldoon, 190 App. Div. 689, 180 N. Y. S. 319, 321, wherein the court said in part as follows: "The further contention is made, because in this injury is included permanent injury to the coccyx bone of the spine, and hernia, which are not mentioned in the schedule of injuries under section 15 of the act, that at least for such injury a common-law action must lie. If, however, in every case where there could be found some injury not mentioned under the schedule of section 15 of the act, there is a separate right of action at common law for the damages sustained thereby, the Compensation Law would become a farce, and a recovery could be had under the Compensation Law, with the right of action still existing for the injuries not mentioned in

the schedule. Moreover, this action is not brought simply to recover compensation for injuries not mentioned in the schedule of injuries under section 15 of the act, but the allegation of the complaint is that the injuries received have permanently impaired the health of the plaintiff, so that he will never again regain normal health, or be able to work as before the accident. It is not intended to include in the schedule named in the statute all the injuries which might result in permanent or partial impairment of earning capacity to which the act should apply. As to the enumeration of specific disability, provision is made for other cases which should impair the wage-earning capacity of the party injured, and there is further specification which covers the case of total permanent disability, temporary total disability, permanent partial disability, and temporary partial disability. Wherever the injury results in disability, permanent or partial, the injury comes within the purview of the act, even though there be associated injuries, resulting from the accident, which are not specifically mentioned."

We are fully persuaded that the learned trial judge was correct in his ruling, and the order sustaining the demurrer to appellant's amended complaint must be, and it is, affirmed.

POLLEY, P. J., and ROBERTS and RUDOLPH, JJ., concur.
WARREN, J., dissents.