MRS. GERALD BIGGS, Claimant and Respondent *v.* RICHARD THEIS and JOE BUSH, Employers and Appellants.

AND

GLACIER GENERAL ASSURANCE COMPANY, and INDUSTRIAL ACCIDENT BOARD, Defendants.

No. 10395.

Submitted February 16, 1962. Decided February 23, 1962.

369 P.2d 32.

Erwin L. Anzjon, argued orally, Missoula, for appellants.

Harold J. Pinsoneault and J. Robert Riley, Missoula, appeared and argued orally for respondent.

Keller, Magnuson & Reynolds, Melvin E. Magnuson, Helena, as amicus curiae.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment of the fourth judicial district, which judgment affirmed an order of the Industrial Accident Board awarding compensation to the claimant for 500 weeks at $40 per week.

On December 16, 1960, Gerald W. Biggs was killed in a truck accident near North Fork, Idaho. Biggs was an employee of the

defendant, Theis and Bush, and was killed in the course of his employment. Theis and Bush is a trucking partnership. The employer had industrial accident insurance coverage in both Montana and Idaho, and to each state was reported fifty percent of the employee's wages and the premium paid accordingly.

The claimant is the widow of Gerald Biggs. There is no question but that she is entitled to compensation, but the question is in which state and thus against which insurance carrier. The death was in Idaho, but the family were residents of Montana working for a Montana concern which had a different insurance carrier in each state; and as the insurance payable in Montana was double that which was payable in Idaho, the claimant elected to file her claim in Montana.

A hearing was held on the claim and on May 22, 1961, the Montana Industrial Accident Board awarded compensation. The employer's Montana insurance carrier appealed to the district court where the court affirmed the order of the Board. The carrier then appealed to this court.

On appeal amicus curiae favored the Court with a brief in the matter.

The only question presented on this appeal is whether under the facts of this case, the claimant can receive compensation under the Workmen's Compensation Act of the State of Montana for the death of her husband which occurred in Idaho.

The employer was a partnership composed of Richard A. Theis and Joe Bush, the principal places of business and headquarters of which were in Missoula and Hamilton, Montana. The partnership was engaged in the business of contracting for the hauling of logs from the timber site to the mill site and of hauling lumber. The partnership owned and operated five logging trucks and one lumber truck. At the time of the accident, the partnership had one hauling contract going in Missoula and a second one going in the area between Darby, Montana, and Salmon, Idaho. The standing timber was cut in Idaho on a timber sale being logged by one Rossignol and the resulting

logs were hauled by the partnership either to Darby or to Salmon to sawmills located in each town, depending upon whether the logs were fir or pine. The testimony indicates that the stand was a mixed stand and about one-half of the species was fir which was milled at Salmon and about one-half was pine which was milled at Darby. At the time of the accident the logging was being done mainly in fir so that most of the trips were to Salmon. In the month of December when the accident occurred, only eight loads, two of which were hauled by the decedent, went to Darby while fifty, seventeen of which were hauled by decedent, went to Salmon.

Between Salmon, Idaho, and Darby, Montana, the highway crosses the state line. The accident occurred about twenty-nine miles by road within the State of Idaho, and about seventy-five miles from Darby, Montana. It occurred during a trip from the logging area within Idaho to the mill at Salmon, within Idaho.

Biggs was employed at Hamilton, Montana, on October 24, 1960. He picked up his employers' truck at Darby, Montana, and drove to Idaho where he would at times be required to stay overnight either at the scene of the logging or in Salmon. He never maintained any residence except at his home in Hamilton where he returned every week end and sometimes more often. He accomplished maintenance of the truck in Hamilton or Darby. He was considered a permanent employee and subject to transfer to any of the employer's job sites.

The employer paid Biggs by a check drawn on a Montana bank. For payroll purposes Biggs was treated as a Montana resident; Federal withholding taxes were paid to Helena; state withholding taxes to Helena; Unemployment Insurance was reported to Helena and not to Idaho.

In Idaho the employer did carry industrial accident insurance. There the Argonaut Insurance Company carried the coverage. The employer had about fifty-two percent of his truck mileage in Idaho, the balance in Montana; and on an arbi-

trary basis half of the payroll was reported to the Idaho carrier and half to the Montana carrier, with each employee being listed on the report to both states.

From all of the foregoing, it can fairly be said that the job of hauling logs being performed by Biggs was neither exclusively in Idaho nor exclusively in Montana. The employers are residents in Montana in every sense, even though they on occasion bid on contracts to be performed outside the state.

At the time of the accident, all of their employees were Montana residents, including Biggs. The contract of employment was in Montana and required duties in both Montana and Idaho.

In State ex rel. Morgan v. Industrial Accident Board, 130 Mont. 272, 300 P.2d 954, this court held that the Montana Workmen's Compensation Act does have extraterritorial effect in a proper case. Our Act does not have an express extraterritorial effect clause, and in the Morgan case the dissenting opinion challenged the holding as being "legislation" by the court. However, three legislative sessions have intervened without any action by the Legislature.

Prior to the Morgan case, this court in State ex rel. Loney. v. Industrial Accident Board, 87 Mont. 191, 197, 286 P. 408, 410, said:

"While section 2847 [Revised Codes 1921, now R.C.M. 1947, § 92-301] declares: 'This act is intended to apply to all inherently hazardous works and occupations within this state.' we do not see that this necessarily excludes its operation beyond the limits of the state where the employee, in the furtherance of his employer's business which is localized in Montana, and which he is following in passing over the state line, meets with an accidental injury."

The court in the Loney case was speaking about the business being localized in Montana and the employee passing from Montana into Glacier Park.

It has been settled by the Morgan case, supra, that the Mon-

tana Workmen's Compensation Act does have extraterritorial effect in a proper case. In the Morgan case, the employer was a road contractor domiciled in Montana and following the practice of bidding on various road jobs in and out of Montana. The contractor was performing work on a localized Montana contract through the summer months during the time Morgan was employed. During the summer Morgan voluntarily laid off for a while. Before Morgan's return to the job, the contractor had bid in and had gotten a small road job in the State of Idaho. Concurrently with the Idaho job, the contractor had another job in progress in Montana which involved the construction of a road between Superior, Montana, and the Diamond Match Company's property in Montana. These two were entirely separate and distinct contracts and units of work. They were separated by a considerable distance. The Idaho contract was a complete contract and unit of work to be performed and completed exclusively and entirely in Idaho. It had nothing to do with any work in Montana. On that point, the Morgan case differs from the present case and to that extent provides even less basis for applying the Montana Compensation Act than does our present case. To state the matter conversely, there is more reason for applying the rationale of the Morgan case to the facts in the instant case than to the facts in the Morgan case itself. In the present case a substantial and significant part of the work connected with carrying out the Rossignol contract had to be and was performed in Montana. In addition to all of the foregoing the employers are residents of Montana and their business is localized in Montana in every sense of the word notwithstanding the fact that they do on occasion bid on contracts to be performed outside the State of Montana. At the time of the accident, all of their employees, not just Biggs, were Montana residents, although only the residence of Mr. Biggs is of significance here. The contract of employment was made in Montana and, as above stated, the contract of employment required the performance of duties by

Biggs both in the State of Idaho and in the State of Montana. In the Morgan case, 130 Mont. at pp. 282, 285, 300 P.2d at pp. 960, 962, this court said:

"The Board vigorously argues that our Workmen's Compensation Law, being compulsory, is not contractual and that it can have no extraterritorial application, that only under an optional law could it be so, if at all. The contentions of the Board are entirely too sweeping. Our Act is based upon the employer-employee relationship as well as being contractual. Compare Restatement, Conflict of Laws, § 398, p. 486, 1948 Supp., p. 149, and at p. 150, where it is stated: 'The interest of the state, however, in the employer-employee relationship or in the regulation of local enterprise, is sufficient to empower the state to allow recovery, even though the contract of employment and the injury took place outside the state.' Here, however, the work and labor of relator in Idaho, being only temporary and merely incidental to his employment and entirely for the benefit of and incidental to his employer's business in Montana, brings this case within the purview of Altman v. North Dakota Workmen's Compensation Bureau, 50 N.D. 215, 195 N.W. 287, 290, 28 A.L.R. 1337, relied on heavily by the Board. * * *

"The relation between Johnston E. Morgan and the Union Construction Company was created by the law of Montana, and as long as that relation existed its incidents were properly subject to regulation in Montana, for both Morgan and the company were at all times residents of Montana; the company's only office and place of business was located at Missoula, Montana; the contract of employment was made at its office in Missoula, Montana; and the employee Morgan's duty as an employee required him to go into Idaho temporarily in response to the orders given him by the company at its Montana office.

"The purpose of our Act, as is true of the workmen's compensation laws of most other states, is to provide, in respect to persons residing in and businesses located in Montana, a rem-

edy which is presumed to be expeditious and independent of proof of fault, and also for employers a liability which is limited and determinate. The interest of Idaho, if any, in this case would be only casual, neither of the parties herein being resident there, and under the laws of Idaho (which were not called to our attention) it could easily be that Idaho would reject this claim. Compare Bradford Elec. Light Co., Inc. v. Clapper, supra [286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026], and cases cited therein.

"The public policy of Montana is well established in that under the facts in this case, where employer and employee are resident in this state and such relationship is entered into in Montana, the Montana law applies. Under such circumstances Montana does not waive nor subordinate its domestic policy and jurisdiction to the laws of any other state. It would not only be obnoxious to our policy and law under the facts here to deny such employees the right to apply for and receive compensation, but it would be against the policy and interests of Montana. To deny jurisdiction here would require this injured workman, if he has funds for such expense, together with his doctors, the hospital, the special nurses and the druggist, all of whom contributed to his treatment, to journey to a foreign jurisdiction and there take their chances of having their claims rejected, leaving the injured workman and his family as a charge on the Montana community in which they reside. To deny jurisdiction in this case would be a disservice to the injured workman, his dependents, and those waiting for their payments, the community and to Montana, and would do violence to the very nature of the Workmen's Compensation Act, which is protective legislation for each of the above."

From the foregoing quoted portions of the Morgan case it is seen that we have recognized what Larson on Workmen's Compensation refers to as a "legitimate interest". (See 2 Larson on Workmen's Compensation Law, pp. 370 to 372.) Montana was the state wherein Biggs and his wife and children

resided and is the state where the widow and children still reside. Montana is the state which will provide for the support and care should they become public charges. Montana has every interest in the claim except the situs of the accident itself.

We should note that, as pointed out by brief and oral argument, the statement in the Morgan case to the effect that it could easily be that Idaho would reject the claim is without foundation, but this would have no bearing on this case.

For the foregoing reasons the judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, JOHN C. HARRISON and DOYLE concur.